MARY F. SWARTZENBERGER, Individually and as Personal Representative, Plaintiff and Appellant, *v.* BILLINGS LABOR TEMPLE ASSOCIATION and MARK FRANKLIN DALLEY, d/b/a THE SILVER DOLLAR BAR, Defendants and Respondents.

No. 14182.
Submitted Oct. 11, 1978.
Decided Nov. 8, 1978.
Rehearing Denied Dec. 6. 1978.
586 P:2d 712.

R. V. Bottomly argued, Great Falls, for plaintiff and appellant.

Anderson, Symmes, Brown, Cebull & Jones, Billings, Richard F. Cebull argued, Billings, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Jack S. Ramirez argued, Billings, for defendant and respondents.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Plaintiff, Mary F. Swartzenberger, appeals from the summary judgment of the District Court, Yellowstone County, granted in favor of defendants, Billings Labor Temple Association and Mark Franklin Dalley, d/b/a The Silver Dollar Bar.

Joseph F. Swartzenberger (decedent) was a steelworker in Billings, Montana. On October 30, 1974, decedent reported to work at 7:30 a.m., but left for the day at 8:00 a.m. because rain made work at the construction site impossible. Later that morning he went to the Labor Temple Bar and began what was to be his last overindulgence in alcohol. At noon, he went to The Silver Dollar Bar where he spent the afternoon and early evening drinking with other steelworkers. According to Monty Bendt, decedents companion, he was "fairly well plastered" when he entered The Silver Dollar Bar at noon.

Decedent and Bendt returned to the Labor Temple Bar between 7:00 and 8:30 p.m. The bartender stated decedent switched from beer to ditches (bourbon and water) and was loud and rowdy as usual, until he passed out in the bathroom. Lawrence Bendt, a superintendent for decedent's employer, and Monty Bendt helped decedent up and decided to take him home. The Labor Temple Bar is located in the basement of the Labor Temple and in order to exit therefrom, it is necessary to climb a number of steps to the street level. The men helped decedent to the top of the stairs, where Monty Bendt waited with decedent while Lawrence Bendt went to get his car. Decedent, wanting another drink, pulled away from Monty Bendt, took one step, and fell down the stairs sustaining injuries which resulted in his death the following day. A blood sample revealed decedent's blood alcohol level was .37 percent (.0037) by weight of alcohol.

On December 17, 1975, Mary F. Swartzenberger filed a complaint in District Court, individually and as personal representative of decedent's two children, seeking damages from the Billings Labor Temple Association and the owner of The Silver Dollar Bar. Mrs. Swartzenberger was divorced from her husband some nine months prior to his death. The complaint alleged that defendants, in willful, wanton, and reckless disregard of decedent's safety, and in violation of Montana statutes, served decedent intoxicating liquors while he was in a state of intoxication thereby directly causing his death.

On January 17, 1978, the District Court, Yellowstone County, found there was no genuine issue as to any material fact and granted defendants' motions for summary judgment.

The sole issue to be decided in this case is whether summary judgment was properly awarded to defendants. More specifically, viewing the material facts in plaintiff's favor, were defendants entitled to judgment as a matter of law?

Montana does not have a Civil Damage Act or Dram Shop Act, giving a right of action to persons injured by an intoxicated person (or to intoxicated persons who injure themselves) against the person selling or furnishing the liquor which caused the intoxication. Therefore, we must look to the case law for guidance on the instant question.

In *Deeds v. United States* (D.C.Mont. 1969), 306 F.Supp. 348, the court wrestled with the question, ". . . is there a right of action under Montana law against the person selling or furnishing intoxicating liquor to a minor or intoxicated person in favor of a person injured by the intoxicated person as a consequence of his intoxication?" The facts giving rise to this issue occurred on and near the Havre Air Force Station in north central Montana. Plaintiff, a 17 year old high school junior, attended a party at the Station on the night of May 30, 1963. During the party, Air Force personnel sold or otherwise distributed intoxicating liquors to high school girls and airmen, knowing they were minors. Airmen Gerald B. Tanberg, age 19, consumed an excessive amount of liquor and be-

came intoxicated, but Air Force personnel continued to dispense liquor to him. throughout the course of the evening, it was know by those persons dispensing liquor that plaintiff and others attending the party came to the Station from Havre, a distance of 39 miles, and that the only way for them to return to Havre was by private automobiles operated by Air Force personnel. Sometime between two and three in the morning on May 31 plaintiff and a companion asked Tanberg to give them a ride to Havre. From the time they left the Station, Tanberg drove at a high rate of speed. While Tanberg was driving in a grossly negligent and reckless manner, his car left the road and rolled over, wrecking the car and injuring the three occupants.

The Honorable William J. Jameson, finding no controlling authority in this Court's decisions, followed what he deemed to be the proper rule, and held that under the particular circumstances before him, the sale and serving of liquor to Tanberg in violation of Montana law was a proximate cause of the accident and resulting injuries to the plaintiff. In reviewing the law in Montana, Judge Jameson closely scrutinized our only discussion of the proximate cause issue in intoxication—produced injury situations and stated:

"In *Nevin v. Carlasco*, 1961, 139 Mont. 512, 515, 365 P.2d 637, 639, the court affirmed a judgment of nonsuit denying recovery for injuries sustained by plaintiff, was shoved, and fell off a bar stool and knocked plaintiff to the floor. After pointing out the lack of circumstances which must ordinarily exist to impose the duty upon a tavern keeper to protect his patrons, in answering appellant's contention that certain laws of Montana dealing with the liquor business were violated the court said:

"'If we were to accept this contention the evidence is devoid of any knowledge on the part of respondents of the violation of any of these statutes. The rule followed by most courts is that when damages arise from voluntary intoxication, the seller of the intoxicant is not liable in tort for the reason that his act is not the efficient cause of the damage. The proximate cause is the act of him who imbibes the liquor.

"The appellant was obliged to prove a set of circumstances which created a duty to the injured patron and facts that would prove a breach of that duty. See *Fleckner v. Dionne*, 94 Cal.App. 2d 246, 210 P.2d 530. Having failed to do so the judgment of the district court was correct and it is hereby affirmed.'

"The reference to *Fleckner v. Dionne*, supra, might indicate that Montana would follow California in holding that the furnishing of liquor was not the proximate cause of plaintiff's injury. On the other hand, the court indicates also that there might be 'a set of circumstances' which would create a duty to an injured person. The Montana court did not .of course consider the question here presented or the cases permitting recovery, most of which have been decided since 1961."

Since *Deeds*, the California courts have confronted the proximate cause issue on numerous occasions, the most recent and enlightening case being *Ewing v. Cloverleaf Bowl* (1978), 20 Cal.3d 389, 143 Cal.Rptr. 13, 572 P.2d 1155. As in *Deeds*, the fact in *Ewing* cry out. An experienced bartender knowing that a person had just turned twenty-one years of age that very day, served his young customer ten straight shots of 151 proof rum, as well as a vodka collins and two beer chasers, during a period of less than a hour and a half; as a result, the patron died the next day of acute alcohol poisoning. The California Supreme Court found that a jury could reasonably conclude that the bartender engaged in willful misconduct, while the patron engaged only in negligent conduct. It is important to note that the court prefaced its holding by saying, "If a jury could reasonably find only that the bartender was negligent and that Ewing was also negligent, Ewing's contributory negligence would of course bar plaintiff's recovery and justify the trial court's nonsuit." 143 Cal.Rptr. at 19, 572 P.2d at 1160.

The proximate cause issue has also been presented to this Court since the decision in *Deeds*. In *Folda v. City of Bozeman* (1978), 177 Mont. 537, 582 P.2d 767, as in *Ewing* and the instant case, suite was instituted by a representative of an individual who died from intoxication-caused injuries. Mary Folda became very intox-

icated drinking alcoholic beverages in the V.F.W. Club, decided to go swimming in the creek near the bar, and drowned. We held that Mary contributorily negligent and disregarded her duty to use due care for her own safety. This, and not the serving of the drink, was the proximate cause of her death.

With these cases in mind, we undertake consideration of the instant appeal. It must be noted at the outset that, on the night in question, all parties concerned acted in violation of Montana statutory law.

Section 4-413, R.C.M.1947, states:

"*Persons to whom liquor may not be sold or given.* No licensee or his or her employee or employees, nor any other person, shall sell, deliver, or give away or cause or permit to be sold, delivered or given away any liquor, beer or wine to:

". . .

"2. Any intoxicated person or any person actually, apparently or obviously intoxicated."

A person convicted of a violation of section 4-413, is guilty of a misdemeanor and subject to punishment by fine, imprisonment, or both. Section 4-439, R.C.M.1947. Section 94-8-105, R.C.M.1947, in effect when these facts arose, but repealed in 1975, states:

"*Public intoxication* (1) A person commits the offense of public intoxication if he appears in a public place in a state of visible intoxication as a result of the use of alcohol or other dangerous drug and is "(a) creating a risk to himself or others,

or

"(b) conducting himself in an offensive manner.

"(2) A person convicted of an offense of public intoxication shall be fined not to exceed fifty dollars ($50) or be imprisoned in the county jail for a term not to exceed ten (10) days, or both."

 It may well be that defendant's acts constituted negligence per se, as plaintiff contends. However, this fact is insufficient to impose liability on the defendants, where the plaintiff's acts also violated statutory law and, as will be shown below, plaintiff's con-

tributory negligence intervened and became the proximate cause of his death.

This is not a *Deeds* case. The claim is not presented by an injured third party. The facts do not reveal a duty imposed on the bartenders because of some special knowledge they had about the decedent. Nor is this a *Ewing* case. Decedent was not an inexperienced drinker. In *Ewing* willful misconduct on the bartender's part had to be found before the customer's contributory negligence was not a sufficient defense.

Willful misconduct was defined in *Hannigan v. Northern Pacific Ry Co.* (1963), 142 Mont. 335, 384 P.2d 493. Quoting from 38 Am.Jur. *Negligence* § 178, pp. 855, 856:

"A defendant's act is properly characterized as willful, wanton, or reckless, within the meaning of the foregoing rule, only when it was apparent, or reasonably should have been apparent, to the defendant that the result was likely to prove disastrous to the plaintiff, and he acted with such indifference toward, or utter disregard of, such a consequence that it can be said he was willing to perpetrate it."

■ Viewing the facts in plaintiff's favor, we will find it impossible to conclude that it was apparent, or reasonably should have been apparent to either of the bartenders that decedent's excessive drinking was going to result in the fall and subsequent death. Decedent was not inexperienced. He had been in the defendant's bars on previous occasions. On the night in question, he had been loud and rowdy as usual. The act of serving a drink to decedent cannot be characterized as willful misconduct.

■ This case is controlled by the rule handed down in *Folda.* Contributory negligence, which was unavailable as a defense in *Deeds* because the injury was suffered by a third party, and unavailable in *Ewing* because the bartender's willful misconduct overshadowed the customer's contributory negligence, is definitely a sufficient defense in the instant case. Here, as in *Folda*, the rule that contributory negligence precludes any recovery against a defendant was still in effect. See Dunham v. Southside National Bank

(1976), 168 Mont. 466, 548 P.2d 1383. Decedent achieved the state of intoxication voluntarily and disregarded the duty to care for his own safety.

We find decedent's contributory negligence barred any possible recovery from the defendants. The summary judgment is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.