No. 14313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

THOMAS KENT RUNGE,

      Plaintiff and Appellant,

  -vs-

CECIL T. WATTS, JR., as Special Administrator
of the estate of David Allen Watts, Deceased;
CECIL T. WATTS, JR., individually
MARLENE WATTS, his wife; and DORIS M. POPPLER,

      Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial
          District,
          Honorable C. B. Sande, Judge presiding.

Counsel of Record:

    For Appellant:

        Krutzfeldt and Haker, Miles City, Montana
        William J. Krutzfeldt argued, Miles City, Montana

    For Respondents:

        Moulton, Bellingham, Longo and Mather, Billings,
         Montana
        McNamer, Thompson and Cashmore, Billings, Montana
        Charles R. Cashmore argued, Billings, Montana

---

                    Submitted:  December 18, 1978

                    Decided: JAN 15 1979

JAN 15 1979

Filed:

_Thomas J. Kearney_
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff brought this action in the District Court of the Thirteenth Judicial District in Yellowstone County alleging negligence on the part of defendant in serving alcohol to a minor whose intoxication allegedly resulted in a car accident causing plaintiff's injury. Plaintiff appeals from an order and judgment dismissing his complaint against defendant Poppler on the ground that it fails to state a claim upon which relief can be granted.

On April 26, 1975, David Allen Watts, then a minor, attended a party at the home of defendant, Doris Poppler, and drank some beer, allegedly furnished by defendant. Plaintiff, Thomas Runge, left the party with Watts and was subsequently injured when Watts' car left the road and struck a utility pole.

The issue presented for review is whether the District Court erred in dismissing plaintiff's claim against defendant, Doris M. Poppler. Stated another way, does Montana recognize a claim for relief against one furnishing liquor to a minor in favor of those injured as a consequence of the minor's intoxication?

Plaintiff seeks to impose liability upon defendant Poppler on the basis of common law principles of negligence and negligence per se. Defendant argues that in the absence of a special dramshop act specifically creating a civil remedy and civil cause of action against the social purveyor of intoxicants, no remedy or cause of action can be maintained.

In recent months this Court has had two opportunities to address the issue of the liability of one furnishing alcoholic beverages to a person who subsequently sustains

injuries by virtue of the resulting intoxication. Swartzen-
berger v. Billings Labor Temple Association (1978), _____
Mont. ___, 586 P.2d 712, 35 St.Rep. 1625; Folda v. City
of Bozeman (1978), _____ Mont. ___, 582 P.2d 767, 35 St.
Rep. 1019. In each of those cases, however, the plaintiff's
recovery was barred by his own contributory negligence. In
contrast the instant case involves injury to a third party.
Contributory negligence on the part of Watts, then, does not
bar recovery by a third party.

A similar question to the one presented in the instant
case arose in a commercial context in Deeds v. United States
(D. Mont. 1969), 306 F.Supp. 348. In Deeds the Honorable
William J. Jameson held, under the particular circumstances
of that case, that "the sale and serving of liquor to Tanberg
in violation of Montana law was a proximate cause of the
accident and resulting injuries to plaintiff." 306 F.Supp.
at 361. However, we do not find Deeds controlling in the
instant case. Rather, we follow the general rule:

> ". . . in the absence of a statute to the con-
> trary . . . there can be no cause of action
> against one furnishing liquor in favor of those
> injured by the intoxication of the person to
> whom it has been . . . furnished . . . so long
> as the person to whom the liquor was sold or
> given was not in such a state of helplessness
> . . . as to be deprived of his willpower or
> responsibility for his behavior." 45 Am Jur 2d,
> Intoxicating Liquors §554.

The problem we face in so deciding is a difficult one.
Montana law does provide sanctions to discourage furnishing
alcoholic beverages to minors. First, section 4-3-306(1)(a),
R.C.M. 1947, provides:

> "(1) No licensee or his or her employee or
> employees, nor any other person, shall sell,
> deliver, or give away or cause or permit to be
> sold, delivered or given away any alcoholic
> beverage to:

"(a) Any person under the age of eighteen (18) years."

By virtue of section 4-6-404, R.C.M. 1947, violation of this provision is a misdemeanor. While this provision does not apply to a social purveyor of alcoholic beverages, section 94-5-609(1)(b), R.C.M. 1947, does:

"(1) A person commits the offense of unlawful transactions with children if he knowingly:

". . .

"(b) sells or gives intoxicating substances to a child under the age of majority . . ."

These sanctions, however, do not by themselves create a civil cause of action in favor of a third person injured as a result of a minor's having been furnished alcoholic beverages. Establishing such a civil cause of action involves considerations of public policy far beyond those presented by the circumstances of the instant case.

Traditionally, there has been greater justification for imposing liability on a commercial purveyor than on a social purveyor. There is a greater need for some check on the pecuniary motives of those engaged in the business of selling alcoholic beverages. In addition a commercial vendor is in a better position to observe his customers and monitor their level of intoxication by virtue of the fact that the seller is more likely to communicate with the patron each time he serves a new drink.

Taking this into consideration, we are reluctant to extend the liability of persons serving alcoholic beverages to a social setting when the legislature has to date failed to extend that liability to commercial vendors by virtue of dramshop legislation.

-4-

We are aware of the high incidence of automobile accidents attributable to intoxication. We also recognize that innocent third parties stand to suffer substantial harm in such situations. However, to hold purveyors of alcohol, especially social furnishers, liable for this harm would be contrary to the current state of Montana law and would infringe upon a matter more appropriately within the province of the legislature. Our recent holdings have reaffirmed our statement of the law in Nevin v. Carlasco (1961), 139 Mont. 512, 515-16, 365 P.2d 637, 639:

> "The rule followed by most courts is that when damages arise from voluntary intoxication, the seller of the intoxicant is not liable in tort for the reason that his act is not the efficient cause of the damage. The proximate cause is the act of him who imbibes the liquor."

Under current Montana law, as affirmed in Folda and Swartzenberger, Watts' drinking and not defendant's serving the beer was the proximate cause of the accident which resulted in plaintiff's injury.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
_____
_____
Justices

Mr. Chief Justice Frank I. Haswell, deeming himself disqualified, did not sit in this case.

-5-