No. 81-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

RICHARD KINION,

        Plaintiff and Appellant,

    -vs-

DESIGN SYSTEMS, INC., a Mont. Corp.,
TED T. TOPOLSKI; CELISE TOPOLSKI; BILL
CHILDERS; LARRY DAUENHAUER; SECURITY
TRUST & SAVINGS BANK,

        Defendants and Respondents.

---

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
H. William Coder, Judge presiding.

Counsel of Record:

    For Appellant:

        C. L. Overfelt, Great Falls, Montana

    For Respondents:

        Crowley Law Firm, Billings, Montana

---

Submitted on Briefs: November 12, 1981

Decided: February 25, 1982

Filed: FEB 25 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff-appellant, Richard Kinion, appeals an order of the Eighth Judicial District, Cascade County, granting defendant Security Bank's motion for judgment on the pleadings and, an order of the same court dismissing with prejudice plaintiff's complaint against Security Bank. We affirm.

Kinion initiated this action on July 21, 1978, by filing a complaint against Security Trust and Savings Bank, Design Systems, Inc., Ted T. Topolski, Celise Topolski, Bill Childers, and Larry Dauenhauer. The four individuals last named in the complaint are the officers of Design Systems, Inc.

In his complaint, Kinion alleged that on or about December 8, 1977, "defendants" entered into a contract with Kinion for the construction, by defendants of a building. A copy of the contract was filed with the complaint. The complaint alleged that "[u]nder said contract the defendants agreed to construct a pole type building" for Kinion. The complaint further alleged that "defendants" failed to perform their portion of the contract and that Kinion was therefore forced to hire other workers to complete the construction of the building.

The contract attached to Kinion's complaint is entitled "Proposal/Contract" and consists of a letter to Kinion from Darrel Heiser on behalf of Design Systems. The contract sets forth the terms of an agreement between Design Systems and Kinion, and itemizes the services to be performed by Design Systems and the amount to be paid by Kinion. Security Bank is not mentioned in the contract and there is no indication in the complaint as to how Security Bank is bound by the

contract. The only mention of Security Bank in the complaint is in the caption where the bank is listed as a defendant with Design Systems, Inc., and its officers.

In its answer, the bank alleged that Kinion's complaint failed to state a cause of action against the bank in that it "does not allege that Security Bank was a party to the contract described in the complaint and attached thereto as Exhibit 'A', nor does [it] allege that any contractual performance was required of Security Bank pursuant to said contract." The bank denied every allegation in Kinion's complaint except that one which specified Kinion's home as being Great Falls, and specifically denied entering into the contract with Kinion on December 8, 1977, or at any other time.

Following certain other proceedings not relevant to this appeal, Security Bank filed a motion for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P. The District Court granted the bank's motion and dismissed with prejudice Kinion's suit as against Security Bank.

The issue on appeal is whether the District Court erred in granting Security Bank's motion for judgment on the pleadings and dismissing Kinion's complaint with prejudice.

Rule 12(c), M.R.Civ.P., under which Security Bank proceeded, reads as follows:

> "Motion for judgment on the pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The contract which is the subject of the lawsuit was attached to and made a part of the complaint. The contract,

on its face, requires no performance from Security Bank. The bank is not named in the contract, and neither the contract nor Kinion's complaint reveals any basis for finding a contractual relationship between Kinion and Security Bank.

Rule 12(c), M.R.Civ.P., cited above, provides that matters outside the pleadings may be presented to the District Court. When this is done, the motion for judgment on the pleadings is treated as one for summary judgment and disposed of as provided in Rule 56, M.R.Civ.P. If Kinion had any basis for holding Security Bank to the contract he should have presented his reasons to the District Court in the form of affidavits or other testimonial material showing that the bank was a proper party to the lawsuit. Kinion did not allege, nor did he present to the District Court any evidence of an oral or written participation by Security Bank in the contract. In his reply brief to this Court, Kinion states "[T]he complaint in Kinion could easily have been amended to show Security Bank's involvement as a party . . ." The fact remains, however, that when confronted with a motion for judgment on the pleadings Kinion neither moved to amend his complaint nor presented any material to the District Court to show that Security Bank is bound by the contract and is, therefore, a proper party to this lawsuit.

The District Court correctly stated that "[T]he complaint does not contain any allegations of novation, assignment or any facts which would provide a legal basis for concluding that the contract attached as Exhibit 'A' is or could be binding upon defendant Security Bank. In the absence of any such allegations, the Court must reject plaintiff's argument that the use of the plural 'defendants' is itself adequate to state a claim against the Bank." Furthermore, the District

-4-

Court was correct in looking solely at the pleadings, which included the contract, in making its decision. On the basis of these pleadings the court properly dismissed the complaint as to Security Bank.

We are mindful of the fact that Montana's Rules of Civil Procedure "are essentially notice pleading statutes rather than the more formal code or fact pleading statutes . . . Brothers v. Surplus Tractor Parts Corp. (1973), 161 Mont. 412, 417, 506 P.2d 1362, 1364. We are also aware that, for the purposes of a motion to dismiss, "the complaint is to be construed in the light most favorable to the plaintiff and its allegations are taken as true." Fraunhofer v. Price (1979), ___ Mont. ___, 594 P.2d 324, 327, 36 St.Rep. 883, 886. Kinion's appeal, of course, is from an order granting judgment on the pleadings under Rule 12(c), M.R.Civ.P., rather than from a dismissal under Rule 12(b)(6), M.R.Civ.P., as was the case in Fraunhofer, supra. The rule stated in Fraunhofer, however, is equally applicable to a motion for judgment on the pleadings.

Although Security Bank is listed as one of the defendants in the caption of Kinion's complaint and the body of the complaint alleges a breach of contract by "defendants," the terms of the contract belie Kinion's allegation that Security Bank is a proper party to the lawsuit.

In Amfac Mtg. Corp. v. Arizona Mall of Tempe (9th Cir. 1978), 583 F.2d 426, the plaintiff filed a cause of action against defendant, arguing that a promissory note given by the defendant was a "security" within the meaning of federal and Arizona securities laws. Plaintiff attached copies of the documents allegedly constituting securities to his complaint. In dismissing the complaint for failure to state a claim,

-5-

the court stated: "Since the plaintiff attached to the complaint the several basic documents, the scope of the facts which can support plaintiff's claim is limited by the documents attached to the complaint and involved in this transaction." Amfac, 583 F.2d at 430. In the present case we are faced with a complaint alleging that Security Bank is a party to the contract underlying the lawsuit, but the contract itself reveals that the bank is not a party. We are limited in our consideration by the terms of the attached contract. Kinion's bare allegation that Security Bank not only is a party to, but also is in breach of, the construction contract is not supported by the clear language of the contract.

The District Court did not err. Affirmed.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices