No. 85-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

ZENA BISSETT,

Plaintiff and Appellant,

-vs-

DMI, INC., d/b/a EMPIRE BAR, SEVERO
ROMERO, d/b/a ARCADE BAR, LINDA
OBLANDER, d/b/a THE SCOOP, and ROBERT
BRUST, d/b/a DRIFTER'S TAVERN,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kelleher Law Office; Robert L. Kelleher, Jr. argued,
Billings, Montana

For Respondent:

Herndon, Harper & Munro; Rodney T. Hartman argued,
Billings, Montana
English & Lee; H. Elwood English, Billings, Montana
Crowley Law Firm; Donald Harris, Billings, Montana

---

Submitted: September 26, 1985

Decided: February 10, 1986

Filed: FEB 10 1986

*[signature]*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Zena Bissett, plaintiff and appellant, appeals from a summary judgment entered for defendants in the Yellowstone County District Court. The District Court determined that the plaintiff's complaint did not state a claim because her acts of drinking alcoholic beverages, rather than the defendants' acts of serving them, proximately caused the accident resulting in plaintiff's injuries. We vacate and remand.

The plaintiff was born March 27, 1965, making her eighteen years old on November 2, 1983, the date of the accident giving rise to this litigation. That evening, after drinking several beers at a friend's apartment and in a car, she and the friend went to four bars in the City of Billings, Montana. Beginning at about 5:30 p.m., they went to the Empire Bar, then to the Arcade Bar, The Scoop and lastly to the Drifter's Tavern, arriving there at about 8:00 p.m. The plaintiff and her friend consumed drinks at each establishment. Her friend, not a minor, purchased all of the drinks.

Plaintiff suffered a blackout while at the Drifter's Tavern. Before the blackout, her friend purchased a pitcher of beer with her standing next to him. He then left and, apparently, returned later in the evening.

They left the Drifter's Tavern at about 11:30 p.m. Plaintiff got into her car and proceeded to drive her friend home. About one mile down the road, she drove the car off the Sixth Street overpass, sustaining serious injuries. Her blood alcohol content at the time she was admitted to the hospital that evening was between .23 and .24 percent.

Plaintiff's amended complaint, filed on June 25, 1984, alleged that defendants, the four bars where she consumed alcoholic beverages, unlawfully furnished those beverages to her, thus proximately causing her injuries in the accident. The District Court granted defendants' motions for summary judgment and entered a final judgment dismissing plaintiff's complaint.

Several facts are in dispute. For instance, the Empire Bar specifically denies serving alcoholic beverages to plaintiff and, on appeal, raises the issue of whether she is in fact a minor. For the purpose of this appeal from the granting of summary judgment to defendants, we view the disputed facts in a light most favorable to plaintiff. Therefore, we assume she was present in defendants' taverns and that they served her alcoholic beverages.

Plaintiff raises one issue:

Is a tavern operator, which serves an intoxicated minor, liable in damages for injuries later sustained by that minor in a motor vehicle accident?

Defendant, D.M.I., Inc., d/b/a Empire Bar, raises an additional issue:

Was plaintiff a minor protected by the statutes at issue?

Plaintiff argues that the defendants are negligent per se for serving an intoxicated minor in violation of §§ 16-3-301, 16-6-304, and 16-6-305, MCA, of the Montana Alcoholic Beverage Code. Section 16-3-301(2), MCA, prohibits:

> . . . any licensee, his or her employee or employees, or any other person to sell, deliver, or give away or cause or permit to be sold, delivered, or given away any alcoholic beverage to:

3

(a) any person under 19 years of age;

(b) any intoxicated person or any person actually, apparently, or obviously intoxicated.

Section 16-6-304, MCA, states:

(1) No store manager, retail licensee, or any employee of a store manager or retail licensee may sell any alcoholic beverage or permit any alcoholic beverage to be sold to any person apparently under the influence of an alcoholic beverage.

(2) No person may give an alcoholic beverage to a person apparently under the influence of alcohol.

Section 16-6-305, MCA, provides, in part:

(1) Except in the case of an alcoholic beverage given to a person under 19 years of age by his parent or guardian for beverage or medicinal purposes or administered to him by his physician or dentist for medicinal purposes or sold to him by a vendor or druggist upon the prescription of a physician, no person shall sell, give, or otherwise supply an alcoholic beverage to any person under 19 years of age or permit any person under that age to consume an alcoholic beverage.

In Nehring v. LaCounte (Mont. 1986), ____ P.2d ____, ____ St.Rep. ____, (No. 85-84, decided January 21, 1986), decided after this plaintiff appealed the District Court's ruling, this Court declined to hold that violations of §§ 16-3-301 and 16-6-304, MCA, constituted negligence per se. Nehring concerned a tavern operator's liability to a third party injured by a patron of the bar who had been served alcoholic beverages prior to the injury-producing accident. After considering the legislative purpose of the alcoholic beverage control statutes, this Court held that they furnished a standard with which to measure negligence or due care and that a violation of those statutes is evidence of negligence rather than negligence per se. Nehring, supra.

4

This holding in Nehring controls in the case at bar. Accordingly, we hold that a violation of the alcoholic beverage control statutes by these defendants would be evidence of a failure to use due care.

The plaintiff in this case notes the presence of a third applicable statute, § 16-6-305, MCA. The same reasoning applies to this statute that applies to those at issue in Nehring, since it is part of the same alcoholic beverage control code. A violation would be evidence of negligence on the part of the tavern operator.

Defendants argue that plaintiff's actions of voluntarily consuming alcoholic beverages, rather than their serving of the beverages, proximately caused the resulting damages. This Court addressed a similar argument involving injury to the imbiber on two prior occasions. In Folda v. City of Bozeman (1978), 177 Mont. 537, 582 P.2d 767, and Swartzenberger v. Billings Labor Temple Ass'n (1978), 179 Mont. 145, 586 P.2d 712, we held that the voluntary intoxication of the imbiber constituted contributory negligence which barred recovery from those who furnished the alcoholic beverages. These cases are distinguishable in that they relied on contributory negligence which has been replaced by comparative negligence. Under comparative negligence, it is for the jury to determine the degree of negligence attributable to the plaintiff and the defendants. Reed v. Little (Mont. 1984), 680 P.2d 937, 41 St.Rep. 644. Neither a plaintiff's nor a defendant's acts has to be the sole proximate cause of the injuries. To the extent Folda, 177 Mont. 537, 582 P.2d 767, and Swartzenberger, 179 Mont. 145, 586 P.2d 712, imply that the imbiber's act of drinking

5

is the _sole_ proximate cause of any resulting injuries, they are overruled.

In the discussion of contributory negligence, both cases noted that the imbiber's act of drinking intervened and became the proximate cause of the resulting injuries. An intervening cause does not serve to relieve a defendant's liability where that cause "is one which the defendant might reasonably anticipate under the circumstances." _Nehring_, supra, citing Deeds v. United States (D. Mont. 1969), 306 F.Supp. 348, 361. In the case at bar, we assume for summary judgment purposes that the plaintiff was an intoxicated minor at the time of the defendants' possible negligence. We hold, in accord with _Nehring_, supra, that her acts of drinking alcoholic beverages served to her and then becoming involved in an injury-producing accident, may be reasonably foreseeable events which may no longer protect a defendant from liability for negligence.

Defendant Empire Bar raises an additional issue on appeal; whether plaintiff, age eighteen years and seven months on the evening of the accident, was a minor for the purposes stated in the alcoholic beverage control statutes. Art. II, Sec. 14 of the Montana Constitution provides:

> A person 18 years of age or older is an adult for all purposes, except that the legislature or the people by initiative may establish an age of not more than 19 as the legal age for consuming or possessing alcoholic beverages.

Sections 16-3-301, 16-6-304, and 16-6-305, MCA, placed the legal age for consuming or possessing alcoholic beverages at 19 years of age. Plaintiff had not yet reached her nineteenth birthday on the date of the incident. We hold

6

that plaintiff was clearly a minor within the meaning of these statutes.

We therefore vacate the judgment of the District Court and remand for further proceedings.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

Mr. Justice Frank B. Morrison, Jr., specially concurring and dissenting:

I would affirm the granting of summary judgment in favor of defendant but for different reasons than those given by the District Court. By way of special concurrence, this Opinion comments on the general subject of the liability of one who sells alcoholic beverages.

Much misinformation has been publicly disseminated with respect to this Court's holding in Nehring v. LaCount (Mont. 1986), _____ P.2d _____, _____ St.Rep. _____, (No. 85-84, decided January 21, 1986). Inadequate reporting, poorly informed editorial comments, and propaganda dispensed by lobbyists for the Montana Tavern Association have led to the confusion. Perhaps the Court's opinion in Nehring inadequately explained the basis of liability but appellate opinions are necessarily written for those trained in the law and they assume a certain amount of legal understanding. I believe it in the public interest to provide a basic discussion of the legal premise rendering a tavern operator liable for an automobile accident.

The majority opinion in this case sets forth the statutory provisions making it unlawful for a retail licensee to sell alcoholic beverages to any intoxicated person. The duty to refrain from selling to intoxicated persons was created by the legislature, not by the courts. If a tavern operator sells to an intoxicated person, that tavern operator violates the law. Under well-established legal principles, which have been with us since we became a State, one who acts unlawfully (negligently) and causes injury to another is liable for that harm. The only remaining question is whether the negligence in selling to an intoxicated person is one of the causes of injury to some person.

8

Prior to the decision in the Nehring case, the Montana court system had insulated taverns from liability by holding that the act of the drunk driver in causing the accident was an intervening act which protected the tavern owner. No real explanation for the holding was given. In fact, such a holding was contrary to basic well-established legal principles governing causation.

Where a tavern is sued by a person injured in an automobile accident, the first determination that must be made is whether the tavern violated the law by serving an intoxicated person. If the injured person can show that the tavern operator served an intoxicated person and was therefore negligent, the next question that must be answered is whether that negligence was a cause of the accident. The contention put forth on behalf of the tavern is always that the act of the drunk driver in crossing the center line (or whatever other action may have caused the accident) was an intervening act terminating the causal connection between the tavern's negligence and the injury to the plaintiff. In determining whether the act of the drunk driver in fact cut the chain of causation thereby terminating any liability of the tavern, the courts must look to the Montana law governing whether intervening acts supersede original negligence.

The law which applies to making such a determination is well established in Montana although an exception had previously been made for tavern owners. If the intervening act (the act of the drunk driver in causing the accident) was an act which was foreseeable on the part of the one selling drinks in violation of the law then the liability of the seller would continue. If the act of the drunk driver was not foreseeable by the seller the liability for negligence in

making the sale would be terminated by the intervening act of the drunk driver.

The tavern, therefore, remains liable for the original negligence in making the sale to the intoxicated person when the tavern operator, at the time of the sale, can foresee that sale of the alcoholic beverage to the intoxicated person may well result in an automobile accident. Only when the injured person can sustain this very difficult burden of proof will the tavern be liable.

The drunk driver remains liable for the plaintiff's injuries. The drunk driver can also be prosecuted for aggravated assault or, in the event of death, for homicide. Responsibility of the driver for his or her act is not lessened under our holding in the Nehring case.

It is true that the tavern, if found to be some part of the cause, can be held liable for damages. Under the laws of contribution, the tavern owner's insurance company can apportion the injured person's loss between the tavern owner's insurance company and the insurance company covering the drunk driver. This is accomplished by determining the amount of negligence each contributed, by percentage, to the plaintiff's injuries. Therefore, if the tavern was found to be 10 percent of the cause and the drunk driver 90 percent of the cause, the loss would be apportioned between the two insurance companies on that basis. However, the injured person can, if he wishes, collect 100 percent of his loss against the drunk driver, or, for that matter, against the tavern. The apportionment of the loss between the two is handled separately and, under the law of joint and several liability, has no effect upon the plaintiff. If the drunk driver is uninsured, and is without personal assets, apportionment is made between the injured person's uninsured

motorist's coverage and the tavern owner's liability insurance policy.

I wish to emphasize that the Supreme Court created no new duties for tavern owners in the Nehring case. The duty was created by the legislature. This Court refused to impose immunity for tavern owners and determined that their unlawful acts would be judged on the same basis as the unlawful acts of all other citizens.

I dissent to the holding in this case and would affirm the granting of summary judgment by the trial court. In the Nehring case we allowed the case to go forward and be tried to a jury because there was evidence that the acts of the tavern in serving an intoxicated person may have concurred with the acts of the drunk driver in causing the accident there in question. In the Nehring case an innocent third person was killed and the lawsuit was brought by the survivors of that innocent third person. In this case, action is being instituted by the drunk driver seeking to recover for her injuries brought about as a result of the negligence of the tavern in violating the law. While there is evidence that the tavern served the plaintiff in an intoxicated condition and that negligence may have been a contributing cause of the accident, I would find the primary cause of the accident to be the act of the drunk driver, in this case the plaintiff herself.

Under Montana law, the plaintiff cannot recover against the defendant if the plaintiff's negligence is more than the negligence of the defendant. In this case, I would find that the injured plaintiff was, as a matter of law, more responsible for her own injuries than was the tavern which served her the alcoholic beverages.

11

I think this same result should follow in nearly every case where the injured person is the intoxicated driver. It is difficult for me to contemplate a fact situation where the drunk driver plaintiff would not be more responsible for his or her own injuries than the tavern that served the intoxicating beverages. Perhaps if an intoxicated person were in a totally helpless state and the tavern owner helped them to their car, turned the ignition key, and pushed them down the road, a different result would follow. Barring such an extreme fact situation, I believe the Court should find as a matter of law that the negligence of the drunk driver exceeds that of the tavern and deny recovery to the drunk driver for his or her own injuries.

_____
Justice

Mr. Justice John C. Harrison concurs in the foregoing dissent of Mr. Justice Frank B. Morrison, Jr.

_____
Justice