MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
Zena Bissett, plaintiff and appellant, appeals from a summary judgment entered for defendants in the Yellowstone County District Court. The District Court determined that the plaintiff’s complaint *155 did not state a claim because her acts of drinking alcoholic beverages, rather than the defendants’ acts of serving them, proximately caused the accident resulting in plaintiffs injuries. We vacate and remand.
The plaintiff was born March 27, 1965, making her eighteen years old on November 2, 1983, the date of the accident giving rise to this litigation. That evening, after drinking several beers at a friend’s apartment and in a car, she and the friend went to four bars in the City of Billings, Montana. Beginning at about 5:30 p.m., they went to the Empire Bar, then to the Arcade Bar, The Scoop and lastly to the Drifter’s Tavern, arriving there at about 8:00 p.m. The plaintiff and her friend consumed drinks at each establishment. Her friend, not a minor, purchased all of the drinks.
Plaintiff suffered a blackout while at the Drifter’s Tavern. Before the blackout, her friend purchased a pitcher of beer with her standing next to him. He then left and, apparently, returned later in the evening.
They left the Drifter’s Tavern at about 11:30 p.m. Plaintiff got into her car and proceeded to drive her friend home. About one mile down the road, she drove the car off the Sixth Street overpass, sustaining serious injuries. Her blood alcohol content at the time she was admitted to the hospital that evening was between .23 and .24 percent.
Plaintiff’s amended complaint, filed on June 25, 1984, alleged that defendants, the four bars where she consumed alcoholic beverages, unlawfully furnished those beverages to her, thus proximately causing her injuries in the accident. The District Court granted defendants’ motions for summary judgment and entered a final judgment dismissing plaintiff’s complaint.
Several facts are in dispute. For instance, the Empire Bar specifically denies serving alcoholic beverages to plaintiff and, on appeal, raises the issue of whether she is in fact a minor. For the purpose of this appeal from the granting of summary judgment to defendants, we view the disputed facts in a light most favorable to plaintiff. Therefore, we assume she was present in defendants’ taverns and that they served her alcoholic beverages.
Plaintiff raises one issue:
Is a tavern operator, which serves an intoxicated minor, liable in damages for injuries later sustained by that minor in a motor vehicle accident?
*156 Defendant, D.M.I., Inc., d/b/a Empire Bar, raises an additional issue:
Was plaintiff a minor protected by the statutes at issue?
Plaintiff argues that the defendants are negligent per se for serving an intoxicated minor in violation of Sections 16-3-301,16-6-304, and 16-6-305, MCA, of the Montana Alcoholic Beverage Code. Section 16-3-301(2), MCA, prohibits:
“. . . any licensee, his or her employee or employees, or any other person to sell, deliver, or give away or cause or permit to be sold, delivered, or given away any alcoholic beverage to:
“(a) any person under 19 years of age;
“(b) any intoxicated person or any person actually, apparently, or obviously intoxicated.”
Section 16-6-304, MCA, states:
“(1) No store manager, retail licensee, or any employee of a store manager or retail licensee may sell any alcoholic beverage or permit any alcoholic beverage to be sold to any person apparently under the influence of an alcoholic beverage.
“(2) No person may give an alcoholic beverage to a person apparently under the influence of alcohol.”
Section 16-6-305, MCA, provides, in part:
“(1) Except in the case of an alcoholic beverage given to a person under 19 years of age by his parent or guardian for beverage or medicinal purposes or administered to him by his physician or dentist for medicinal purposes or sold to him by a vendor or druggist upon the prescription of a physician, no person shall sell, give, or otherwise supply an alcoholic beverage to any person under 19 years of age or permit any person under that age to consume an alcoholic beverage.”
In Nehring v. LaCounte (Mont. 1986), [219 Mont. 463,] 712 P.2d 1329, 43 St.Rep. 93, decided after this plaintiff appealed the District Court’s ruling, this Court declined to hold that violations of Sections 16-3-301 and 16-6-304, MCA, constituted negligence per se. Nehring concerned a tavern operator’s liability to a third party injured by a patron of the bar who had been served alcoholic beverages prior to the injury-producing accident. After considering the legislative purpose of the alcoholic beverage control statutes, this Court held that they furnished a standard with which to measure negligence or due care and that a violation of those statutes is evidence of negligence rather than negligence per se. Nehring, supra. This holding in Nehring controls in the case at bar. Accordingly, we hold that a violation *157 of the alcoholic beverage control statutes by these defendants would be evidence of a failure to use due care.
The plaintiff in this case notes the presence of a third applicable statute, Section 16-6-305, MCA. The same reasoning applies to this statute that applies to those at issue in Nehring, since it is part of the same alcoholic beverage control code. A violation would be evidence of negligence on the part of the tavern operator.
Defendants argue that plaintiff’s actions of voluntarily consuming alcoholic beverages, rather than their serving of the beverages, proximately caused the resulting damages. This Court addressed a similar argument involving injury to the imbiber on two prior occasions. In Folda v. City of Bozeman (1978), 177 Mont. 537, 582 P.2d 767, and Swartzenberger v. Billings Labor Temple Ass’n (1978), 179 Mon. 145, 586 P.2d 712, we held that the voluntary intoxication of the imbiber constituted contributory negligence which barred recovery from those who furnished the alcoholic beverages. These cases are distinguishable in that they relied on contributory negligence which has been replaced by comparative negligence. Under comparative negligence, it is for the jury to determine the degree of negligence attributable to the plaintiff and the defendants. Reed v. Little (Mont. 1984), [209 Mont. 199,] 680 P.2d 937, 41 St.Rep. 644. Neither a plaintiff’s nor a defendant’s acts has to be the sole proximate cause of the injuries. To the extent Folda, 177 Mont. 537, 582 P.2d 767, and Swartzenberger, 179 Mont. 145, 586 P.2d 712, imply that the imbiber’s act of drinking is the sole proximate cause of any resulting injuries, they are overruled.
In the discussion of contributory negligence, both cases noted that the imbibers act of drinking intervened and became the proximate cause of the resulting injuries. An intervening cause does not serve to relieve a defendant’s liability where that cause “is one which the defendant might reasonably anticipate under the circumstances.” Nehring, supra, citing Deeds v. United States (D. Mont. 1969), 306 F.Supp. 348, 361. In the case at bar, we assume for summary judgment purposes that the plaintiff was an intoxicated minor at the time of the defendants’ possible negligence. We hold, in accord with Nehring, supra, that her acts of drinking alcoholic beverages served to her and then becoming involved in an injury-producing accident, may be reasonably foreseeable events which may no longer protect a defendant from liability for negligence.
Defendant Empire Bar raises an additional issue on appeal; whether plaintiff, age eighteen years and seven months on the eve *158 ning of the accident, was a minor for the purposes stated in the alcoholic beverage control statutes. Art. II, Section 14 of the Montana Constitution provides:
“A person 18 years of age or older is an adult for all purposes, except that the legislature or the people by initiative may establish an age of not more than 19 as the legal age for consuming or possessing alcoholic beverages.”
Sections 16-3-301,16-6-304, and 16-6-305, MCA, placed the legal age for consuming or possessing alcoholic beverages at 19 years of age. Plaintiff had not yet reached her nineteenth birthday on the date of the incident. We hold that plaintiff was clearly a minor within the meaning of these statutes.
We therefore vacate the judgment of the District Court and remand for further proceedings.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY and HUNT concur.