No. 85-586

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

SHARON L. JEVNING, individually and
as Personal Representative of the
Estate of Richard L. Jevning, Deceased,

       Plaintiff and Appellant,

  -vs-

SKYLINE BAR, Its Agents, Servants and
Employees,

       Defendants and Respondents.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
            In and for the County of Cascade,
            The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John F. Iwen argued, Great Falls, Montana

    For Respondent:

        Alexander & Baucus; J. David Slovak argued, Great
        Falls, Montana

_____

                Submitted: September 16, 1986

                  Decided: October 10, 1986

Filed: OCT 1 1986

_____
                Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Plaintiff Jevning appeals the order of the District Court, Eighth Judicial District, Cascade County granting defendant's motion for judgment on the pleadings. We vacate and remand.

There are two issues on appeal. First, is Ch. 1, 1986 Mont. Spec. Sess. 49th Leg. as approved and adopted on April 4, 1986 retroactively applicable to Jevning's cause of action which occurred October 15, 1983? Second, do Nehring v. LaCounte (Mont. 1986), 712 P.2d 1329, 43 St.Rep. 93, and Bissett v. DMI, Inc. (Mont. 1986), 717 P.2d 545, 43 St.Rep 252, provide Jevning with a cognizable cause of action?

From 11:00 p.m. to 2:00 a.m., Richard Jevning purchased and consumed alcoholic beverages at the Skyline Bar near Great Falls. At about 2:30 a.m., Richard Jevning's pickup left the frontage road south of Great Falls and rolled over, throwing him from the vehicle. He died as a result of his injuries.

His widow sued the Skyline Bar for negligence seeking damages for the personal injuries and death of her husband. The complaint alleged that Skyline Bar was negligent in allowing Jevning to consume liquor on the premises and then drive, and that Skyline Bar violated § 16-3-301(2)(b), MCA, and § 16-6-304(1), MCA. The complaint alleged that the negligence of the Skyline Bar was the proximate cause of Jevning's injuries and death.

Skyline Bar answered the complaint and set forth two affirmative defenses. First, the injuries were the direct

and proximate result of decedent's own negligence, thus the judgment should be denied or proportionately reduced. Second, the complaint should be dismissed for failure to state a claim on which relief could be granted. Skyline Bar also filed a motion for judgment on the pleadings alleging Jevning had failed to state a claim on which relief could be granted. The District Court granted Skyline Bar's motion for judgment on the pleadings, relying on Runge v. Watts (1979), 180 Mont. 91, 589 P.2d 145. The District Court stated, "The current state of Montana law does not recognize common law dram shop liability against an alcohol vendor."

Since that time, this Court has handed down the Nehring v. LaCounte and Bissett v. DMI, Inc. opinions. Nehring v. LaCounte, involved a tavern patron who, after drinking heavily at a bar, attempted to drive back to North Dakota. He drove the wrong way down a four-lane divided highway and ran head on into another vehicle killing the driver of the on-coming vehicle as well as two passengers in his car. The widow of the man struck and killed sued the tavern owner for negligence. The District Court granted summary judgment in favor of the tavern owner. We vacated the summary judgment and remanded for further proceedings. In Nehring, we allowed the widow of the innocent third party to maintain a negligence action against the tavern owner and the tavern patron. We held the alcoholic beverage control statutes (§§ 16-3-301 and 16-6-304, MCA) furnished a standard against which negligence could be measured. We also held that "consumption of the alcoholic beverages served, subsequent driving, and the likelihood of an injury-producing accident are foreseeable intervening acts which do not relieve the tavern owner of liability for negligence." Nehring, 712 P.2d

- 3 -

at 1335, 43 St.Rep. at 99. In Bissett v. DMI, Inc., we held that a tavern owner who serves an intoxicated minor could be held liable for injuries sustained by that minor in a motor vehicle accident, and that the minor's acts in drinking alcoholic beverages served to her and then becoming involved in an injury-producing accident were reasonably foreseeable events that would no longer protect a defendant from liability for negligence. Bissett v. DMI, Inc., 717 P.2d at 547-48, 43 St.Rep. at 255.

Since our decisions in Nehring and Bissett, the Montana Legislature met in a special session and passed Ch. 1, 1986 Mont. Spec. Sess. 49th Leg., a law which creates civil liability for injuries involving alcohol consumption. That law states:

> Section 1. Civil liability for injuries involving alcohol consumption. (1) The purpose of this section is to set statutory criteria governing the liability of a person or entity that furnishes an alcoholic beverage for injury or damage arising from an event involving the person who consumed the beverage.
>
> (2) A person or entity furnishing an alcoholic beverage may not be found liable for injury or damage arising from an event involving the consumer wholly or partially on the basis of a provision or a violation of a provision of Title 16 of the Montana Code Annotated.
>
> (3) Furnishing a person with an alcoholic beverage is not a cause of, or grounds for finding the furnishing person or entity liable for, injury or damage wholly or partly arising from an event involving the person who consumed the beverage unless:
>
> (a) the consumer was under the legal drinking age and the furnishing person knew that the consumer was under age or did not make a reasonable attempt to determine the consumer's age;
>
> (b) the consumer was visibly intoxicated; or
>
> (c) the furnishing person forced or coerced the consumption or told the consumer that the beverage contained no alcohol.

- 4 -

Section 2. _Effective_ _date_. This act is effective on passage and approval.

The law was approved on April 4, 1986. The first issue we face is whether Ch. 1, 1986 Mont. Spec. Sess. 49th Leg. applies retroactively to Jevning's cause of action which accrued October 15, 1983.

The Montana rule concerning retroactivity is set forth in § 1-2-109, MCA, as follows: "No law contained in any of the statutes of Montana is retroactive unless expressly so declared." We have held that this statute means the intent of the legislature to make a statute retroactive must be determined from the statute and no other source. Penrod v. Hoskinson, MD (1976), 170 Mont. 277, 281, 552 P.2d 325, 327; Dunham v. Southside National Bank of Missoula (1976), 169 Mont. 466, 475, 548 P.2d 1383, 1386. We find nothing in Ch. 1, 1986 Mont. Spec. Sess. 49th Leg. which indicates an intent that the law be applied retroactively. Indeed, the statute is declared to be effective on passage and approval. The statute was approved on April 4, 1986. We hold that Ch. 1, 1986 Mont. Spec. Sess. 49th Leg. is not to be applied retroactively.

Next, Jevning raises the issue of whether she has a cognizable claim for relief against the tavern owners. Jevning contends she should be allowed to go forward with her claim for relief under Nehring and Bissett on the grounds that a violation of § 16-3-301(2)(b), MCA, is evidence of negligence regardless of whether the intoxicated person is a minor, as in Bissett, or an adult, as here. She argues that under Bissett, whether an intoxicated person is a minor or an adult, their negligence as compared to the tavern owner's negligence is a question the jury should determine. Further,

she asserts that under the new law passed by the 1986 Special Session, the negligence of the adult patron as compared to the negligence of the tavern owner is a jury question. She argues it would be unfair to refuse to allow the adult patron in this case the opportunity to present and meet his burden of proof.

Skyline Bar, on the other hand claims this case is distinguishable from Nehring, which involved an innocent third party injured by the bar patron, and Bissett, which involved a minor. Skyline further contends that the actions of Jevning in consuming alcoholic beverages, then driving a motor vehicle while intoxicated should be construed by this Court as willful and wanton conduct which, as a matter of law, must be the primary cause of the subsequent car accident. We decline to so rule for two reasons.

The issue of willful and wanton conduct is not properly before this Court. The District Court granted Skyline's Rule 12(c) motion for judgment on the pleadings. The only record before this Court is the complaint and the answer. For purposes of a Rule 12(c) motion for judgment on the pleadings, we must accept the allegations in the complaint as true and we cannot look to matters outside the pleadings. 2A Moore's Federal Practice § 12.15; Kinion v. Design Systems, Inc. (1982), 197 Mont. 177, 641 P.2d 472; Mathews v. Glacier General Assurance Co. (1979), 184 Mont. 368, 603 P.2d 232. In this case, Skyline pled two affirmative defenses: One, that the damages were a direct and proximate result of decedent's own negligence and thus any judgment should be denied or proportionately reduced; and two, that Jevning's complaint failed to state a claim for relief on which relief can be granted. Thus the issue of willful and wanton conduct

by Jevning is not before us on the pleadings and cannot be considered in a motion for judgment on the pleadings.

Even if willful and wanton conduct had been alleged in the pleadings, we could not rule as a matter of law that driving a motor vehicle while intoxicated is willful and wanton conduct absent any factual allegations as to the cause of the accident.

We hold, therefore, that the District Court erred in granting Skyline's motion for judgment on the pleadings. Jevning's complaint alleging negligence against Skyline for violation of § 16-3-301(2)(b), MCA, and § 16-6-304(1), MCA, states a claim for relief.

We vacate the decision of the District Court and remand for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Frank B. Morrison specially concurs with the majority opinion as follows:

I concur in the result. In Bissett v. D.M.I, Inc. (Mont. 1986), 717 P.2d 545, 43 St.Rep. 252, I filed a dissent stating that I thought an intoxicated driver should be barred in a suit against the tavern based upon the fact the driver would necessarily be more than fifty percent responsible for his or her injuries.

I still adhere to the concept I espoused in Bissett but I join in this result because the legislature, after we rendered the Bissett decision, enacted a statute governing liability which did not exempt the driver from its purview. In other words, the statute enacted by the legislature permits the driver or any other person to proceed with litigation against the tavern upon showing that the defendant knew that the person was intoxicated at the time that person was served alcoholic beverages. Since the legislature has spoken since our Bissett decision, and has not exempted the intoxicated person from those persons who are permitted to recover, I find myself in a position where I must concur in allowing this case to go forward although I feel it to be poor public policy.

_____
Justice

8