MR. JUSTICE MORRISON,
specially concurring:
I concur in the result. In Bissett v. D.M.I., Inc. (Mont. 1986), [220 Mont. 153,] 717 P.2d 545, 43 St. Rep. 252, I filed a dissent stating that I thought an intoxicated driver should be barred in a suit against the tavern based upon the fact the driver would necessarily be more than fifty percent responsible for his or her injuries.
I still adhere to the concept I espoused in Bissett but I join in this result because the legislature, after we rendered the Bissett decision, enacted a statute governing liability which did not exempt the driver from its purview. In other words, the statute enacted by the legislature permits the driver or any other person to proceed with litigation against the tavern upon showing that the defendant knew that the person was intoxicated at the time that person was served alcoholic beverages. Since the legislature has spoken since our Bis-sett decision, and has not exempted the intoxicated person from those persons who are permitted to recover, I find myself in a position where I must concur in allowing this case to go forward although I feel it to be poor public policy.