SANDRA ANN YOSCOVITCH, APPELLANT, *v.* DUANE WASSON, INDIVIDUALLY; CAROLYN C. JARA AND JOHN JOSEPH JARA, INDIVIDUALLY AND DBA 7-11 MARKET, RESPONDENTS.

No. 12561

June 3, 1982                                   645 P.2d 975

[Rehearing denied July 30, 1982]

*W. H. Tobeler* and *Seymour H. Patt,* Reno, for Appellant.

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case. Nev. Const., art. 6, § 19; SCR 10.

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* and *Frann Moore,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellant, Sandra Ann Yoscovitch, allegedly sustained injuries when the motorcycle on which she was a passenger collided with an automobile driven by Duane Wasson. Her complaint alleged that prior to the collision, Wasson, a minor, purchased alcoholic beverages at a 7-11 market owned by respondents Carolyn and John Jara, and that he thereafter became intoxicated, ran a stop sign, and caused the collision. Appellant filed suit not only against Wasson, who failed to answer her complaint, but against respondents. It apparently is appellant's theory that she can show a causal nexus between the sale of liquor and the later collision, and that respondents negligently failed to inquire adequately as to Wasson's age. Respondents filed a motion to dismiss for failure to state a claim upon which relief could be granted. The district court granted respondents' motion. We affirm the judgment.

In Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), we held that a liquor vendor cannot be held responsible to third persons for injury or death due to an inebriated driver's conduct. The proximate cause of the injury is deemed to be the purchaser's consumption of liquor, rather than its sale. *See* Cole v. Rush, 289 P.2d 450 (Cal. 1955); and Parsons v. Jow, 480 P.2d 396 (Wy. 1971). Here, as in Hamm v. Carson City Nugget, Inc., *supra,* if civil liability is to be imposed upon a vendor who sells liquor to an inebriated person, or a minor, it should be accomplished by legislative act. *See also* Mills v. Continental Parking Corp., 86 Nev. 724, 475 P.2d 673 (1970).

Additionally, appellant contends the district court erred in concluding that she could not pursue a civil action based on alleged criminal violations of state statutes prohibiting the sale of liquor to minors.[1] Appellant suggests that respondents' alleged violations of criminal statutes prohibiting the sale of liquor to minors, render them negligent per se.

In Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969), and in Davies v. Butler, 95 Nev. 763, 602 P.2d 605 (1979), we specifically rejected the argument that violation of a penal statute regulating the sale of intoxicating liquor constitutes negligence per se. Accordingly, we must conclude that an alleged violation of NRS 202.055 and City of Reno Municipal Code § 4.04.240(a) does not give rise to civil liability.

Affirmed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.

---

[1]The statutes at issue provide:
*NRS 202.055:*

> Every person who knowingly sells, gives or otherwise furnishes intoxicating liquors to a person under the age of 21 years, is guilty of a misdemeanor.

*City of Reno Municipal Code § 4.04.240(a):*

> It shall be unlawful for any person other than a parent, guardian or physician to sell, deliver or give away or otherwise furnish any alcoholic beverages to any person under the age of twenty-one years, or leave or deposit any such alcoholic beverage in any place with the intent that the same shall be procured by any person under the age of twenty-one years.

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to participate in this case, pursuant to Nev. Const., art. 6, § 19.