ADAMS, Justice.
Michael Moreland appeals from a summary judgment entered in favor of Jitney Jungle, Inc., in Moreland’s action against it seeking compensation for personal injuries allegedly resulting from Jitney Jungle’s violations of sections of the Alcoholic Beverage Licensing Code and the Dram Shop Statute. We affirm.
In reviewing the propriety of a summary judgment for a defendant, we “review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the [defendant].” Motes v. Matthews, 497 So.2d 1121, 1123 (Ala.1986). See Rule 56, A.R.Civ.P. Construed in this light, the record suggests the following facts:
At approximately 4:40 p.m. on October 25, 1991, Michael Quillan and Amanda Hamner, who were 19 and 21 years of age, respectively, visited the Jitney Jungle supermarket in Florence, Alabama, operated by the defendant Jitney Jungle, Inc., to purchase beer. Quillan, accompanied by Hamner, carried a carton containing 24 cans of the beverage to the front of the store and placed it on the conveyor belt at the checkout counter. The checkout clerk asked: “Which one is of age?” Miss Ham-ner replied: “I have an ID.” She then paid for the beer and carried it from the store.
At approximately midnight, Quillan was driving his vehicle on Lauderdale County Road 38 and, while attempting to negotiate a curve in the road, collided with Michael Moreland, who was riding a motorcycle. Moreland subsequently sued Jitney Jungle; he alleged that Jitney Jungle had violated the Dram Shop Statute and that its violation had caused the injuries he suffered in the collision. On October 30, 1992, the trial court entered a summary judgment for Jitney Jungle. On appeal, the plaintiff, More-land, contends that Jitney Jungle “sold” beer to Quillan in violation of Ala.Code 1975, § 28-3A-25(a)(3), and thus, he argues, he has a cause of action pursuant to the Dram Shop Statute, Ala.Code 1975, § 6-5-71. Section 28-3A-25(a)(3) provides:
“(a) It shall be unlawful:
[[Image here]]
“(3) For any licensee or the board either directly or by the servants, agents or employees of the same, or for any servant, agent, or employee of the same, to sell, deliver, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee’s premises.”
Section 6-5-71(a) provides:
“(a) Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.”
(Emphasis added.)
It is undisputed that Jitney Jungle was legally entitled to sell beer to Miss Ham-ner. The plaintiff contends, however, that the transaction was, in effect, a “second-sale subterfuge,” that is, that the checkout clerk knew or should have known from the “totality of the circumstances” surrounding the sale that the beer was purchased by Miss Hamner for consumption by Quillan “contrary to the provisions of law,” within the meaning of the Dram Shop Statute, considering the provisions of § 28-3A-25(a)(3).
The phrase “totality of the circumstances,” which forms the nucleus of the plaintiff’s argument, is borrowed from Laymon v. Braddock, 544 So.2d 900 (Ala.1989), a case involving claims based on the Civil Damages Act, Ala.Code 1975, § 6-5-70,[1] as well as the Dram Shop Statute, *287 against the operator of the Carson Spur Station and its checkout clerk. The plaintiff alleged that the defendants had illegally dispensed alcohol to a minor. The trial court directed a verdict in favor of the defendants on the Civil Damages Act claim, and a jury returned a verdict in favor of the defendants on the Dram Shop Statute claim. 544 So.2d at 902. In addressing the directed verdict on the Civil Damages Act claim, we said:
“We interpret the words ‘furnishes’ and ‘furnishing’ in § 6-5-70 [the Civil Damages Act] to extend liability under § 6-5-70 to a seller or furnisher of spirituous liquors, who, from the totality of the circumstances, must reasonably infer that the person to whom the spirituous liquor is sold or furnished will permit a minor to consume some of this spirituous liquor.”
Laymon, 544 So.2d at 904.
Two years later, we clarified the scope of the “totality of the circumstances” rule. In Espey v. Convenience Marketers, Inc., 578 So.2d 1221 (Ala.1991), James Espey, a minor, purchased beer from Convenience Marketers, Inc. (“Convenience”), and shared it with Connie Price, also a minor. Later that evening, Connie was killed and James was injured when Connie lost control of the vehicle she was driving and in which James was riding. James’s father asserted a Civil Damages Act claim against Convenience based on Convenience’s sale to James, and both father and son asserted Dram Shop Statute claims against Convenience based on Connie’s intoxication.
Although the trial court entered a summary judgment in favor of Convenience on the Dram Shop Statute claims, it applied the “totality of circumstances” test to those claims. Specifically, it stated:
“ ‘As to the claim under [§] 6-5-71, considering the evidence most favorably to the plaintiffs there is no evidence that the defendant furnished alcohol to the minor who caused the injury i.e. Connie Price. There was evidence that the defendant’s clerk, who sold the beer, could have seen Connie Price if she had looked out the window of the store and thereby determined that Connie Price was a minor and that she could have been expected to consume the beer. However, there is no evidence that the clerk looked out the window or that she saw Connie Price. Therefore, there is no substantial evidence before the court to support the plaintiffs’ claim that the defendant furnished beer to the minor who caused the injury as claimed under [§] 6-5-71.’ ”
Espey, 578 So.2d at 1233 n. 4.
Although in Espey we affirmed the summary judgment on the Dram Shop Statute claims, we held that the application of the “totality of the circumstances” test to those claims was erroneous. In particular, we stated: “The bench and bar should understand that Laymon’s ‘totality of the circumstances’ test is specifically related to the terms ‘furnishes’ and ‘furnishing’ in § 6-5-70, Laymon, at 904, and that we have not yet applied a ‘totality of the circumstances’ test to Dram Shop actions.” Espey, 578 So.2d at 1233 n. 4. In this connection, we also explained:
“Convenience sold the beer to [James], not Connie; that is undisputed. The sale to [James] was contrary to the provisions of law, but the claim involved in this appeal involves the alleged disposition of beer to Connie. Although it may be argued with some merit that Convenience ‘otherwise dispos[ed]’ of the beer to Connie, we will not hold that Convenience’s sale of the beer to [James], who then gave it to Connie, was a disposition of the beer to Connie by Convenience that was ‘contrary to the provisions of law.’ Consider this example. A clerk sells beer to an adult, who can legally buy the beer, and that adult later gives the beer to a minor. The clerk in the example has no right to refuse to sell the beer to the *288 person legally entitled to buy it. According to the plaintiffs’ argument, although the sale itself was legal, the retailer would be liable for selling the beer ‘contrary to the provisions of law.’ Such a holding would for all practical purposes impose strict liability on retailers of alcohol; we expressly reject such a holding.”
Id. at 1232-33 (footnote omitted).
The plaintiff in this case has presented no compelling reason for extending the application of the “totality of the circumstances test” to Dram Shop Statute claims. On the contrary, the language and, therefore, inferentially, the purpose of the Dram Shop Statute, differ substantially from those of the Civil Damages Act. Moreover, the list of potential claimants identified in the Civil Damages Act — parents, guardians, or those standing in loco parentis — is far smaller than the one set forth in the Dram Shop Statute. The latter statute, which authorizes an action by any “person who shall be injured in person [or] property,” § 6-5-71(a), would, in conjunction with the totality of the circumstances test, subject a large number of Alabama citizens to liability that is not only strict, McIsaac v. Monte Carlo Club, Inc., 587 So.2d 320, 324 (Ala.1991), but nearly absolute.
These reasons and those set forth in Es-pey compel us to reject the plaintiff’s contentions. Consequently, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON and INGRAM, JJ., concur.
STEAGALL, J., concurs in the result.

. Section 6-5-70 provides in pertinent part:
"Either parent of a minor, guardian or a person standing in loco parentis to the minor *287 having neither father nor mother shall have a right of action against any person who unlawfully sells or furnishes spirituous liquors to such minor and may recover such damages as the jury may assess, provided the person selling or furnishing liquor to the minor had knowledge of or was chargeable with notice or knowledge of such minority.”
(Emphasis added.)