632 So.2d 435 (1993)
Howard L. JONES, individually and as administrator of the Estate of Mark Howard Jones, deceased
v.
BP OIL COMPANY, INC.
1920954.
Supreme Court of Alabama.
November 12, 1993.
Rehearing Denied February 4, 1994.
*436 John A. Taber, Donald E. Fazekas and Maston E. Martin, Jr. of Taber, Dansby, Fazekas & Martin, and Kenneth L. Mendelsohn of Jemison & Mendelsohn, Montgomery, for appellant.
C. Peter Bolvig of McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, for appellee.
PER CURIAM.
The plaintiff, Howard Jones, appeals from a summary judgment in favor of the defendant BP Oil, Inc., in his action seeking damages based on the personal injury and resulting death of his son, Mark Jones. We affirm.
In reviewing a summary judgment, we use the same standard as the trial court in determining whether there are any genuine issues of material fact and whether the movant is entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988); Rule 56(c), A.R.Civ.P. If the movant has made a showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to show by "substantial evidence" that such an issue exists. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989). Finally, this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts in favor of the nonmovant. *437 Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). Construed in this manner, the evidence suggests the following facts:
Mark Jones was killed on June 12, 1990, at approximately 11:30 p.m., when his automobile was struck by another vehicle driven by Blake Dettwiler. Michael Kelly was a passenger in Dettwiler's car. Both Dettwiler and Kelly were 17 years old on the date of the accident.
In the early evening of June 12, Dettwiler and Kelly had driven to the Gulf Gas Mart convenience store operated by BP Oil on Vaughn Road in Montgomery, Alabama. Dettwiler parked his car in a position where he and Kelly could not be observed by the clerk inside the store. Kelly entered the store with money supplied by Dettwiler for the purpose of purchasing beer for Dettwiler and himself. The Gulf Gas Mart had illegally sold beer to Kelly several times before and had a reputation of selling beer to minors. Kelly had a fake identification card in his possession at the time of the purchase, but the clerk sold him three refrigerated six-packs of beer without asking to see identification to verify that Kelly was of legal age to purchase alcoholic beverages. Later that evening Kelly reimbursed Dettwiler for his portion of the purchase price.
Dettwiler and Kelly consumed the beer between approximately 7:00 p.m. and the time of the accident. At approximately 11:30 p.m., Dettwiler was driving his car on Vaughn Road at a high rate of speed; it collided with the car driven by Mark Jones. Dettwiler's blood alcohol level, measured after the accident, was 0.136 percent.
Howard Jones filed this action individually and as representative of the estate of Mark Jones, naming Dettwiler, Kelly, and BP Oil as defendants; he stated claims against BP Oil under Alabama's "Dram Shop Act," Ala. Code 1975, § 6-5-71, and under negligence and conspiracy theories. Jones reached a settlement with Dettwiler. On February 11, 1992, the court entered a summary judgment in favor of BP Oil on Jones's negligence claim, and on February 4, 1993, it entered a summary judgment in favor of BP Oil on Jones's remaining claims. On February 18, 1993, the court made the summary judgments final pursuant to Rule 54(b), Ala. R.Civ.P.. Jones's claims against Kelly are still pending.
Jones contends that the trial court erred by basing its judgment in favor of BP Oil on the fact that there was no illegal sale of alcohol by Gulf Gas Mart to the minor driver, Dettwiler, but rather only to the minor passenger, Kelly. Thus, the primary issue on this appeal is whether a retailer of alcoholic beverages may be held liable when it illegally sells alcohol to one minor, who shares it with another minor, who then becomes intoxicated and injures a third party.

I. The Dram Shop Act
Jones asserted a claim against BP Oil pursuant to § 6-5-71, Alabama's Dram Shop Act. That section provides in relevant part:
"(a) Every wife, child, parent or other person who shall be injured in person, property, or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages."
(Emphasis added.)
Jones contends that Gulf Gas Mart's sale of beer to the minor Kelly, in violation of Ala.Code 1975, § 28-3A-25(a)(3), and which was purchased with Dettwiler's funds, was "otherwise disposing of" the beer to the minor Dettwiler. Thus, argues Jones, there was a sale or disposition of alcoholic beverages to Dettwiler by BP Oil, contrary to the provisions of law, and a cause of action against BP Oil should lie under § 6-5-71. Jones contends that it was clearly foreseeable that the beer purchased by the minor Kelly was either to be consumed by Kelly while he drove an automobile or to be shared with another minor who was driving, because, he argues, if the driver of the car had been an adult, he would have purchased the beer himself.
In response to this claim, the trial court ruled that our opinion in Espey v. Convenience *438 Marketers, Inc., 578 So.2d 1221 (Ala. 1991), was controlling. The trial court was correct. In Espey, a minor passenger of an automobile, Jimmy, illegally purchased two six-packs of beer from Convenience Marketers and shared it with the minor driver, Connie. Connie became intoxicated, drove at an excessive rate of speed, and crashed into a utility pole. Connie was killed in the accident and her estate brought an action against Convenience Marketers based on § 6-5-71. The trial court entered a summary judgment in favor of Convenience Marketers and, on appeal, this Court stated:
"Convenience sold the beer to Jimmy, not Connie; that is undisputed. The sale to Jimmy was contrary to the provisions of law, but the claim involved in this appeal involves the alleged disposition of beer to Connie. Although it may be argued with some merit that Convenience `otherwise dispos[ed]' of the beer to connie, we will not hold that Convenience's sale of the beer to Jimmy, who then gave it to Connie, was a disposition of the beer to Connie by Convenience that was `contrary to the provisions of law.'"
578 So.2d at 1232.
The facts of this case are analogous to Espey in that there was no direct sale of alcoholic beverages to the minor driver who became intoxicated and caused the accident resulting in the death of Mark Jones. We explained in Espey that a direct, rather than an indirect, sale of alcoholic beverages to the person causing the injury is required in order to create a claim under § 6-5-71. Id. Further, we ruled that the "totality of the circumstances" test available under the Civil Damages Act, Ala.Code 1975, § 6-5-70, is inapplicable in actions based on the Dram Shop Act. Id. at 1233, n. 4. See Moreland v. Jitney Jungle, Inc., 621 So.2d 285 (Ala. 1993); Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990). However, even if such a test was applicable under § 6-5-71, there is no evidence in the record to suggest that the BP Oil employee was aware that the beer purchased by Kelly was to be shared with another minor. Accordingly, because Gulf Gas Mart sold the beer to the passenger, Kelly, rather than to the driver, Dettwiler, Jones has no action under § 6-5-71.
We find no significance in the fact that Dettwiler supplied all or a portion of the funds used by Kelly to purchase the beer. The sale by the BP Oil employee was to Kelly, not Dettwiler, regardless of the origin of the money used for the purchase. Thus, the trial court properly entered the summary judgment in favor of BP Oil as to Jones's claim under § 6-5-71.

II. Negligence
Jones contends that if a statutory remedy under § 6-5-71 is unavailable under the facts of this case, then the common law remedy of a negligence action against BP Oil must be available. Jones argues that given the fact that an innocent third party was killed as a result of BP Oil's illegal sale of alcohol to a minor, a remedy against BP Oil must exist. We disagree.
For over a century, Alabama law has refused to recognize an action based on negligence in the distribution of alcohol. In King v. Henkie, 80 Ala. 505 (1886), this Court held that even though the defendant had committed a misdemeanor by selling alcohol to an intoxicated person, no cause of action existed at common law. This Court ruled, in effect, that it is the consumption of alcoholnot the purchase of itthat is the proximate cause of injuries resulting from the purchaser's intoxication. King, supra, at 510. This principle has been reaffirmed by this Court many times, including recently in Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990). See Ward v. Rhodes, Hammonds & Beck, Inc., 511 So.2d 159 (Ala.1987); DeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala.1979).
In Parker, we plainly stated: "Plaintiff urges us to adopt a common law cause of action that would impose liability for the distribution of alcoholic beverages to minors. We decline to do so. It has been a principle of long standing in Alabama that one cannot recover for negligence in the dispensing of alcohol." 560 So.2d at 1034. It could hardly be clearer that Alabama recognizes no cause of action for the negligent distribution of alcohol and that the trial court properly entered the summary judgment in favor of BP Oil as to Jones's negligence claim.

*439 III. Conspiracy
Jones also contends that a civil conspiracy existed between BP Oil, Kelly, and Dettwiler to commit the unlawful act of selling alcoholic beverages to a minor in violation of Ala.Code 1975, § 28-3A-25(3), and that the conspiracy resulted in the death of Mark Jones. Jones contends that BP Oil's Gulf Gas Mart had a custom and practice of selling alcohol to minors and that Kelly and Dettwiler went to the Gulf Gas Mart because of that fact. Jones argues that Kelly and Dettwiler conspired to purchase alcohol in violation of § 28-3A-25(a)(3) and that the illegal sale by Gulf Gas Mart to Kelly was an agreement incorporating BP Oil into the conspiracy.
We find this argument unconvincing. As the trial court correctly noted, liability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy. Allied Supply Co. v. Brown, 585 So.2d 33 (Ala. 1991); Webb v. Renfrow, 453 So.2d 724 (Ala. 1984). As we have explained, Jones has no Dram Shop Act claim and no negligence claim against BP Oil. Therefore, the underlying wrong provides Jones no cause of action and cannot support a claim of conspiracy. Thus, the trial court properly entered the summary judgment in favor of BP Oil as to that claim.

IV. Conclusion
Because there was no genuine issue of material fact and BP Oil was entitled to a judgment as a matter of law, BP Oil's summary judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, STEAGALL and COOK, JJ., concur.
HOUSTON, J., concurs specially.
HORNSBY, C.J., and INGRAM, J., dissent.
HOUSTON, Justice (concurring specially).
I write to address the quote from Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala. 1990), in part IV of the Chief Justice's dissent: "As a policy-making Court, we should institute a policy to discourage the illegal sale of alcoholic beverages to minors." There are laws duly enacted by the primary policy-making department of this state, the legislature, that make it a misdemeanor to sell alcoholic beverages to minors. Ala.Code 1975, § 28-3A-25(a)(3) and (b)(1). Not only can fines be assessed, but imprisonment or hard labor for the county can be imposed on persons, including employees, managers, and perhaps officers, of corporations who sell alcoholic beverages to minors. The Alabama Alcoholic Beverage Control Board has the power to divest a business of its license to sell alcoholic beverages, if the business sells alcoholic beverages to minors. A thorough enforcement of these laws and regulations will discourage the sale of alcoholic beverages to minors without this Court's having to create a new tort that would extend civil liability beyond the reasonable bounds of the existing law of proximate cause by, among other things, eliminating the hurdles of intervening criminal acts of third persons. The right to collect monetary damages in a civil action is not the panacea for all social wrongs, and judicial policy-making that presumes that it is often merely releases another pandemic from Pandora's box.
HORNSBY, Chief Justice (dissenting).
I must respectfully dissent. Although this Court has not previously recognized an ordinary common law cause of action for the negligent distribution of alcoholic beverages, I believe an action based on the doctrine of negligence per se for a statutory violation is available to Jones under Alabama law. In Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990), where I also dissented, I cited cases from several jurisdictions that recognize the doctrine of negligence per se in regard to the sale of alcohol to minors in violation of statute. This is only sound public policy. Justice Kennedy noted the following in his eloquent dissent in Parker:
"At the turn of the century, our society was not confronted with the tremendous number and variety of alcoholic beverages that exist today. Wine coolers and beer packaged in carry-out cartons were not *440 available on every corner and in the neighborhood grocery. Hundreds of millions of dollars were not being spent to promote dozens of brands of beer and wine. `Happy hours' featuring half-price beer were not commonplace. Large, powerful automobiles, operated by minors, were not commonplace."
560 So.2d at 1038. (Emphasis added.)
The majority in Parker took comfort in the fact that most jurisdictions follow the rule that "no common law action exists in favor of an intoxicated person against one who sells the alcohol." 560 So.2d at 1034. However, that is only a general rule. More specifically, most jurisdictions now recognize that the distribution of alcohol in violation of statute gives rise to a cause of action in negligence and is either negligence per se or at least evidence of negligence.[1] This case illustrates that innocent third parties, as well as the minors themselves, are often injured in accidents caused by intoxicated minors. I believe it is in the best interest of the citizens of Alabama for this Court to abandon an outdated legal rule born in the horse-and-buggy age and to hold that the sale of alcohol to a minor in violation of statute is negligence per se.

I. Ala.Code 1975, § 28-3A-25(a)(3)
The historical rule that no liability exists for the negligent distribution of alcohol is founded on the assumption that the person receiving the alcohol is "strong and able-bodied." See Manthei v. Heimerdinger, 332 Ill.App. 335, 75 N.E.2d 132 (1947); Lover v. Sampson, 44 Mich.App. 173, 205 N.W.2d 69 (1972); Mitchell v. Ketner, 54 Tenn.App. 656, 393 S.W.2d 755 (1964); 48A C.J.S. Intoxicating Liquors § 428 (1981). The legislature excluded minors from this category when it enacted Ala.Code 1975, § 28-3A-25(a)(3). This section of the Alcoholic Beverages Licensing Code, which regulates the sale of alcoholic beverages, makes it unlawful:
"For any licensee or the [Alabama Alcohol Beverage Control Board] either directly or by the servants, agents or employees of the same, or for any servant, agent, or employee of the same, to sell, deliver, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee's premises."
Yet § 28-3A-25(a)(3) has a broader purpose than simply to impose criminal liability. In Funari v. City of Decatur, 563 So.2d 54, 55 (Ala.Crim.App.1990), the court noted that § 28-3A-25(a)(3) was enacted to protect "the public welfare, health, peace, and morals of the people of this state." Accordingly, I believe that § 28-3A-25(a)(3) creates a legal duty not to distribute alcohol to minors and that civil liability may properly rise from a breach of that duty.

II. Negligence Per Se
The doctrine of statutory negligence or negligence per se has been long established under Alabama law. See Watts v. Montgomery *441 Traction Co., 175 Ala. 102, 57 So. 471 (1912); Smith v. Wolf, 160 Ala. 644, 49 So. 395 (1909). In order for a cause of action to be based on a statutory violation, the following requirements must be met: (1) the statute must have been enacted to protect a class of persons to which the plaintiff belongs, (2) the plaintiff's injury must be of the type contemplated by the statute, (3) the defendant must have violated the statute, and (4) the defendant's statutory violation must have proximately caused the plaintiff's injury. Fox v. Bartholf, 374 So.2d 294 (Ala.1979). In this case, Jones's decedent was a member of the general public, the group § 28-3A-25(a)(3) was designed to protect; the fatal injuries received were an injury to his health and the public welfare as contemplated by the statute; and BP Oil has admitted violating the statute. Thus, the only requirement at issue is proximate cause.

III. Proximate Causation
Several jurisdictions that do not recognize a cause of action based on the negligent distribution of alcohol hold that, as a matter of law, the consumption of the alcohol is an intervening or superseding cause that breaks the chain of causation between the negligent distribution and the resulting injury. See Milligan v. County Line Liquor, Inc., 289 Ark. 129, 709 S.W.2d 409 (1986); Yoscovitch v. Wasson, 98 Nev. 250, 645 P.2d 975 (1982); Williamson v. Old Brogue, Inc., 232 Va. 350, 350 S.E.2d 621 (1986). I believe that such a rule is outdated, artificial, and contrary to both the general principles of proximate causation under Alabama law and recent precedent. Other courts are of the same mind. See Morris v. Farley Enterprises, Inc., 661 P.2d 167 (Alaska 1983); Largo Corp. v. Crespin, 727 P.2d 1098 (Colo.1986); Hart v. Ivey, 102 N.C.App. 583, 403 S.E.2d 914 (1991), aff'd, 332 N.C. 299, 420 S.E.2d 174 (1992); Mitchell, supra; Paskiet v. Quality State Oil Co., 164 Wis.2d 800, 476 N.W.2d 871 (1991). Jones's cause of action should not be judged differently with regard to the law of proximate cause simply because alcohol was involved rather than some other injury-causing mechanism.
The general rule of proximate causation in Alabama is that a negligent act or omission is the proximate cause of an injury if the injury is "a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." Vines v. Plantation Motor Lodge, 336 So.2d 1338, 1339 (Ala. 1976). Further, "[a] foreseeable intervening event does not break the causal relationship between [a defendant's] actions and [a plaintiff's] injuries." Kelly v. M. Trigg Enterprises, Inc., 605 So.2d 1185, 1190 (Ala.1992).
Kelly is significant in that in that case this Court found substantial evidence of proximate causation under facts very similar to those of this case. In Kelly, the passengers of one automobile were injured when their vehicle was struck by a second automobile driven by a minor who had become disoriented after using an inhalant known as Ethyl Gaz, which was marketed as an air freshener. 605 So.2d at 1187. The minor driver was not the purchaser of the Ethyl Gaz, but received it from a man who had purchased it for her. Id. This Court reversed a summary judgment in favor of the distributor and retailer of Ethyl Gaz, because we concluded the plaintiffs presented substantial evidence from which a jury could find "that it was foreseeable that Ethyl Gaz could be used as an inhalant by one operating an automobile and that an accident could occur as a result of the impaired state of the influenced driver." 605 So.2d at 1190.
Similarly, in this case, it was reasonably foreseeable that following the sale of three refrigerated six-packs of beer to the minor Kelly in violation of § 28-3A-25(a)(3), Kelly would share the beer with a second minor, that the second minor would become intoxicated, and that as a result of the intoxication the second minor would injure a third party. Other courts have recognized the foreseeability of resulting injury in similar circumstances. See Morris, supra; Kvanli v. Village of Watson, 272 Minn. 481, 139 N.W.2d 275 (1965). For example, in Morris, the Supreme Court of Alaska stated that "[i]t was neither unforeseeable nor extraordinary that the youth who purchased liquor would share it with his companions and that an automobile accident caused by the companion's *442 intoxication would result." Morris, 661 P.2d at 170.

IV. Conclusion
I stated in my dissent in Parker: "As a policy-making Court, we should institute a policy to discourage the illegal sale of alcoholic beverages to minors. Where there is a purchase of alcoholic beverages, the seller has a duty to ascertain that the purchaser is not a minor." Parker, 560 So.2d at 1036-37. This is not a heavy burden to impose upon a seller of alcoholic beverages. All it entails is asking for proper legal identification, such as a driver's license, in order to determine the purchaser's age, and then refusing to make illegal sales. In this case, BP Oil's employee did not ask Kelly for proof that he was of legal age to purchase alcoholic beverages. There was evidence that BP Oil's Gulf Gas Mart had a reputation of selling alcohol to minors and that minors sought it out for that purpose. Such unlawful and irresponsible behavior must be performed at the seller's risk.
To apply the doctrine of negligence per se to the sale of alcohol to minors would not impose strict liability on sellers of alcohol and would not conflict with prior decisions of this Court. In Espey v. Convenience Marketers, Inc., 578 So.2d 1221, 1232 (Ala.1991), we noted that where the sale of alcohol was to an adult there could be no liability imposed under the Dram Shop Act, Ala.Code 1975, § 6-5-71, even if the adult later gave the beer to a minor, because the sale to the adult was legal. Similarly, under such facts, there would be no liability imposed under the doctrine of negligence per se for later injuries caused by an intoxicated minor because the seller would not have acted in violation of law. Further, strict liability would not be imposed for an illegal sale, because the injured plaintiff, as in any negligence action, would still be required to prove proximate causation. In many instances, the resulting injury may be too remote to impose liability.
In summary, I believe that the facts alleged by Jones's complaint would support a cause of action against BP Oil under the doctrine of negligence per se for the sale of alcohol in violation of statute. Further, I believe this cause of action should be recognized under Alabama law. Finally, because I believe that Jones has put forth substantial evidence of proximate causation, I would reverse the judgment of the trial court in favor of BP Oil and remand this cause for further proceedings.
NOTES
[1] Morris v. Farley Enterprises, Inc., 661 P.2d 167 (Alaska 1983); Ontiveros v. Borak, 136 Ariz. 500, 667 P.2d 200 (1983); Floyd v. Bartley, 727 P.2d 1109 (Colo.1986); Largo Corp. v. Crespin, 727 P.2d 1098 (Colo.1986); Rong Yao Zhou v. Jennifer Mall Restaurant, Inc., 534 A.2d 1268 (D.C.App.1987); Burson v. Gate Petroleum Co., 401 So.2d 922 (Fla.Dist.Ct.App.1981); Ono v. Applegate, 62 Haw. 131, 612 P.2d 533, 539 (1980); Fischer v. Cooper, 116 Idaho 374, 775 P.2d 1216 (1989); Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); Bauer v. Cole, 467 N.W.2d 221 (Iowa 1991); Pike v. George, 434 S.W.2d 626 (Ky.1968); Klingerman v. SOL Corp. of Maine, 505 A.2d 474 (Me.1986); Michnik-Zilberman v. Gordon's Liquor, Inc., 390 Mass. 6, 453 N.E.2d 430 (1983); Bryant v. Alpha Entertainment Corp., 508 So.2d 1094 (Miss.1987); Bissett v. DMI, Inc., 220 Mont. 153, 717 P.2d 545 (1986); Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900 (1965); Porter v. Ortiz, 100 N.M. 58, 665 P.2d 1149 (N.M.App.), cert. quashed, 100 N.M. 53, 665 P.2d 809 (1983); Hart v. Ivey, 102 N.C.App. 583, 403 S.E.2d 914 (1991), aff'd, 332 N.C. 299, 420 S.E.2d 174 (1992); Ross v. Scott, 386 N.W.2d 18 (N.D.1986); Huston v. Konieczny, 52 Ohio St.3d 214, 556 N.E.2d 505 (1990); Davis v. Billy's Con-Teena, Inc., 284 Or. 351, 587 P.2d 75 (1978); Matthews v. Konieczny, 515 Pa. 106, 527 A.2d 508 (1987); Embrey v. Ortiz, 538 A.2d 1002 (R.I.1988); Christiansen v. Campbell, 285 S.C. 164, 328 S.E.2d 351 (S.C.App.1985); Walz v. City of Hudson, 327 N.W.2d 120 (S.D.1982); Mitchell v. Ketner, 54 Tenn.App. 656, 393 S.W.2d 755 (1964); Yost v. State, 640 P.2d 1044 (Utah 1981); Purchase v. Meyer, 108 Wash.2d 220, 737 P.2d 661 (1987); Anderson v. Moulder, 183 W.Va. 77, 394 S.E.2d 61 (1990); Paskiet v. Quality State Oil Co., 164 Wis.2d 800, 476 N.W.2d 871 (1991); McClellan v. Tottenhoff, 666 P.2d 408 (Wyo. 1983).