■ RONALD T. RAY, Plaintiff, and JOHN RAY et al., Appellants, v GALLOWAY'S CAFE, Respondent, et al., Defendants. [634 NYS2d 495] —In an action, *inter alia,* to recover damages pursuant to General Obligations Law §§ 11-100 and 11-101, the plaintiffs John Ray and Eileen Ray appeal from so much of a judgment of the Supreme Court, Suffolk County (Henry, J.), entered May 12, 1994, as, upon so much of an order of the same court, dated April 14, 1994, as granted that branch of the motion of the defendant Galloway's Cafe which was to dismiss their individual claims insofar as asserted against it for failure to state a cause of action, dismissed those claims.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, so much of the order as granted that branch of the motion of the defendant Galloway's Cafe

which was to dismiss the individual claims of John Ray and Eileen Ray insofar as asserted against it is vacated, that branch of the motion is denied, and the individual claims of the defendants John Ray and Eileen Ray are reinstated against the defendant Galloway's Cafe.

On the night of June 28, 1992, 20-year-old Ronald T. Ray was seriously injured when he lost control of his automobile and collided with another vehicle. The plaintiffs claim that prior to the accident, the defendant Galloway's Cafe illegally sold or furnished alcohol to the underage Ray, causing him to become intoxicated. Following the accident, Ronald T. Ray and his parents, John Ray and Eileen Ray, commenced the instant action seeking damages, *inter alia*, for violation of the Dram Shop Act *(see,* General Obligations Law §§ 11-100, 11-101). Galloway's Cafe subsequently moved to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and the Supreme Court granted the motion in its entirety, noting that the intoxicated plaintiff, Ronald T. Ray, could not recover for injuries caused by his own intoxication, and concluding that his parents had no derivative claim for loss of services of an adult child.

On appeal, the plaintiffs John Ray and Eileen Ray contend that the court erred in dismissing their claims against Galloway's Cafe because parents may sue individually under the Dram Shop Act as parties suffering a loss which resulted from the injury of the intoxicated person. We agree. New York courts have consistently recognized the right of a parent to assert a Dram Shop Act claim for injury to property and loss of support, regardless of whether the intoxicated child had a legal duty to provide support to the parent *(see, Soto v Montanez,* 173 AD2d 90, 94; *see also, Dodge v Victory Mkts.,* 199 AD2d 917; *Schrader v Carney,* 198 AD2d 779; *Raynor v C.G.C. Grocery Corp.,* 159 AD2d 463; *Reuter v Flobo Enters.,* 120 AD2d 722). Thus, while the plaintiff parents may not recover damages resulting from the loss of services and companionship, under the Dram Shop Act they may, upon a proper showing, be entitled to recover actual damages for loss of future support and medical expenses *(see, McCauley v Carmel Lanes,* 178 AD2d 835; *Reuter v Flobo Enters., supra).* Accordingly, the plaintiff parents' individual claims to recover damages as provided for by the Dram Shop Act state a cognizable cause of action, and should be reinstated. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.