PER CURIAM.
 

 Elaine Johnson appeals from a summary judgment entered in favor of Brunswick Riverview Club, Inc., and Leiserv, Inc., d/b/a Brunswick Riverview Lanes (hereinafter referred to collectively as “Brunswick”). We affirm.
 

 Facts and Procedural History
 

 The evidence, viewed in the light most favorable to Johnson, the nonmovant,
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993), suggests the following facts.
 

 
 *134
 
 On November 14, 2005, at approximately 3:30 p.m., Johnson’s son, Keith Oden, arrived alone at Brunswick Riverview Lanes, a bowling alley owned by Leiserv, Inc. Brunswick Riverview Club, Inc., owns the license for the operation of a club on the premises of Brunswick Riverview Lanes. Between 5:00 p.m. and 5:30 p.m., Oden telephoned Shawn Scripps and asked Scripps to join him at the bowling alley. According to Scripps, he could tell from the telephone conversation that Oden was intoxicated. At approximately 6:00 p.m., Scripps arrived at the bowling alley and began to bowl and to drink beer with Oden. According to Scripps, Oden was “loud and boisterous” while they were at the bowling alley, and an employee of the bowling alley “had to call Keith down because he was using inappropriate language in the vicinity of a family who was also bowling.” A credit-card receipt shows that between 3:37 p.m. and 7:54 p.m. the employees of the bowling alley sold four 60-ounce pitchers of beer to Oden. Around 8:00 p.m., Oden drove his vehicle from the bowling alley; nobody else was in the vehicle. Shortly after leaving the bowling alley, Oden was involved in a one-vehicle accident in which he was killed. Oden’s blood-alcohol level at the time of the accident was 0.39, almost five times the legal limit for operating a vehicle. See § 32-5A-191, Ala.Code 1975.
 

 The internal alcoholic-beverage-service policy at Brunswick Riverview Lanes prohibited selling a pitcher of beer for consumption by a single individual. The policy also stated that any customer showing visible signs of intoxication should be urged by the server or manager to use alternative transportation and, if the customer refuses to use alternative transportation, the employee should inform the customer that the appropriate law-enforcement officials will be notified if the customer attempts to drive a vehicle away from the bowling alley.
 

 At the time of his death, Oden was 31 years old, and he owned and operated a landscaping business. Johnson testified that Oden did not live with her and that he was not providing her any financial support at the time of his death. Johnson also testified that she did not have any expectation of receiving any financial support from Oden in the future. Johnson paid $3,000 for Oden’s funeral expenses pursuant to a contract she entered into with a funeral home on November 16, 2005.
 

 On May 5, 2006, Johnson, in her individual capacity, sued Brunswick, asserting a claim under Alabama’s Dram Shop Act, § 6-5-71, Ala.Code 1975, and a claim of negligent hiring, training, and/or supervision of employees. Brunswick moved for a summary judgment, arguing that Johnson did not have standing to bring a claim under the Dram Shop Act because, it argued, she was not “injured in person, property, or means of support,” as required by the Act. Brunswick also argued that the claim of negligent hiring, training, and/or supervision fails because, it alleged, Alabama does not recognize a common-law cause of action for the negligent dispensing of alcohol; the Dram Shop Act provides the exclusive remedy for the unlawful dispensing of alcohol to an adult. Johnson responded that she had standing to bring a claim under the Dram Shop Act because, she said, her mental anguish constituted an injury to her person and her payment of Oden’s funeral expenses constituted an injury to her property. Johnson also argued that Brunswick was attempting to misrepresent her negligent hiring, training, and/or supervision claim. Johnson alleged that this claim does not assert that Brunswick is liable for negligently serving alcohol. Johnson argued
 
 *135
 
 that “[t]he conduct which [she] alleges constitutes negligence on the part of [Brunswick] is the conduct of hiring, training, and/or supervising employees in carrying out duties which are required by statute.”
 

 On April 8, 2008, the trial court entered a summary judgment in favor of Brunswick, holding:
 

 “This matter came before the court on [Brunswick’s] motion for summary judgment filed on or about November 15, 2007. The court heard oral arguments on February 25, 2008. Both [Johnson] and [Brunswick] filed supplemental memorandum on March 10, 2008. After consideration of the motions, pleadings and arguments, the court is of the opinion that [Brunswick’s] motion for summary judgment is due to be granted. The court finds that plaintiff, Elaine Johnson, mother of the decedent, brought this lawsuit in her individual capacity pursuant to Alabama’s Dram Shop Act. Alabama Code Section 6-5-71. The court finds that [Johnson] was not injured in ‘person, property or means of support’ as contemplated in the Act. For these reasons, and others as set out in [Brunswick’s] brief, the court hereby grants [Brunswick’s] motion for summary judgment and dismisses all claims by [Johnson] against [Brunswick].”
 

 Johnson appealed.
 

 Standard of Review
 

 In
 
 Pittman v. United Toll Systems, LLC,
 
 882 So.2d 842 (Ala.2003), this Court set forth the standard of review applicable to a summary judgment:
 

 “This Court’s review of a summary judgment is de novo.
 

 “ ‘In reviewing the disposition of a motion for summary judgment, “we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,”
 
 Bussey v. John Deere Co.,
 
 581 So.2d 860, 862 (Ala.1988), and whether the movant was “entitled to a judgment as a matter of law.”
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Wilma Corp. v. Fleming Foods of Alabama, Inc.,
 
 613 So.2d 359 (Ala.1993) [overruled on other grounds,
 
 Bruce v. Cole,
 
 854 So.2d 47 (Ala.2003)]; Han
 
 ners v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).’ ”
 

 882 So.2d at 844 (quoting
 
 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997)).
 

 Discussion
 

 First, Johnson alleges that the trial court erred in entering a summary judgment in favor of Brunswick on her Dram Shop Act claim because, she says, she demonstrated an injury to her property and an injury to her person, as required by the Act. Specifically, Johnson alleges that the payment of Oden’s funeral expenses
 
 *136
 
 constituted an injury to her property and that her mental anguish from the loss of her son constituted an injury to her person within the meaning of the Dram Shop Act.
 

 Section 6-5-71, Ala.Code 1975, Alabama’s Dram Shop Act, provides, in pertinent part, as follows:
 

 “Every wife, child, parent, or other person who shall be injured in person, property, or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.”
 

 This Court has concluded that “ § 6-5-71 is penal in nature and that its purpose is to punish the owners of taverns who continue to serve customers after they have become intoxicated.”
 
 McIsaac v. Monte Carb Club, Inc.,
 
 587 So.2d 320, 324 (Ala.1991).
 

 Both sides acknowledge that, in order for Johnson to be able to recover under the Dram Shop Act, she must be a “person who [was] injured in person, property, or means of support” by Oden’s intoxication. However, the parties disagree as to whether the payment of Oden’s funeral expenses constituted an injury to Johnson’s property and whether Johnson’s mental anguish caused by her son’s death constituted an injury to her person for purposes of the Dram Shop Act. These issues appear to involve questions of first impression for this Court.
 

 In
 
 McIsaac,
 
 a passenger was severely injured in an automobile accident, and his mother sued a bar and others under the Dram Shop Act, alleging that the defendants sold the driver of the automobile in which her son was a passenger intoxicating liquor while he was already visibly intoxicated. The passenger, a 21-year-old adult, testified that he had not lived at home for some time. Furthermore, he stated that he was not a dependent because he had a job with a telephone company at the time of the accident. This Court examined the mother’s claim, as follows:
 

 “[The mother] alleged in the complaint that she expended various sums of money on [the passenger] as a result of the defendants’ alleged violation of the Dram Shop Act; however, there was no evidence before the trial court to support her allegation. Upon filing their motion for summary judgment, the defendants produced evidence, through deposition excerpts, that there existed no genuine issue of material fact as to [the mother’s] claims. Subsequently, the burden shifted to [the mother] to show, by admissible evidence, a genuine issue of material fact.
 
 Bridgeway Communications, Inc. v. Trio Broadcasting, Inc.,
 
 562 So.2d 222 (Ala.1990).
 

 “[The mother] failed to meet this burden in the trial court, and it is now too late for her to prove her allegations before this Court. This Court concludes that [the mother] presented no substantial evidence that she had been injured in ‘person, property, or means of support,’ as required by the Act. We affirm the summary judgment [in favor of the defendants] as to [the mother].”
 

 587 So.2d at 325. The opinion does not explain the specific circumstances surrounding the mother’s allegation that she had expended various sums of money on her son, and there is no indication that this Court was presented with or considered the specific issue whether a mother’s expending money on her adult son as a result of an alcohol-related accident can constitute an injury to property under the Dram Shop Act and thus give the mother a direct
 
 *137
 
 cause of action under the Act. This Court simply held that “there was no evidencé before the trial court to support [the mother’s] allegation.” 587 So.2d at 325. Therefore,
 
 Mclsaac
 
 is not controlling in the present case.
 

 Courts in other jurisdictions have held that a parent’s payment of funeral expenses for a
 
 minor
 
 child is an injury to the parent’s property under the dram-shop acts in their states because the parent was obligated to pay the funeral expenses, and the payment of those expenses impaired the parent’s total assets.
 
 Glaesemann v. Village of New Brighton,
 
 268 Minn. 432, 434-35, 130 N.W.2d 43, 44-45 (1964) (citing
 
 Herbes v. Village of Holdingford,
 
 267 Minn. 75, 85, 125 N.W.2d 426, 433 (1963), citing in turn
 
 Iszler v. Jorda,
 
 80 N.W.2d 665, 669 (N.D.1957)). Also, in
 
 Ragan v. Protko,
 
 66 Ill.App.3d 257, 383 N.E.2d 745, 22 Ill.Dec. 937 (1978), parents of a 21-year-old son killed in a motor-vehicle accident brought a dram-shop action against a tavern operator to recover for injury to their “property” resulting from their son’s intoxication. In holding that the parents could not be injured in their “property” within the meaning of the Illinois Dram Shop Act by voluntarily paying or assuming liability for medical or funeral expenses caused by the intoxication of their son, the Appellate Court of Illinois explicitly held that “in order for a parent to recover for his child’s medical and funeral expenses, he must be legally liable for the charges, and the basis for such liability must exist prior to the creation of the charges and not arise due to a voluntary assumption of financial responsibility after the fact.” 66 Ill.App.3d at 261, 383 N.E.2d at 748, 22 Ill.Dec. at 940.
 

 Similarly, the Appellate Division of the New York Supreme Court has held that
 

 “the ‘Dram Shop’ statutes do not authorize any recovery by a benefactor who makes wholly gratuitous payments to the health care providers who furnish medical services to a person injured as the result of intoxication. A person making such gratuitous payments, as opposed to, for example, lending the money to the injured person, inflicts economic harm upon himself or herself, and cannot be considered as having been injured in his or her ‘person, property; or means of support.’ ”
 

 Dunphy v. J & I Sports Enters., Inc.,
 
 297 A.D.2d 23, 25-26, 748 N.Y.S.2d 595, 598 (N.Y.App.Div.2002). The court further held:
 

 “There is no common-law right of recovery in favor of a parent who pays the medical expenses of an adult child, even when the child lives in the parent’s home. In New York, a parent’s right to recover' for medical expenses incurred by a child is grounded upon the parent’s obligation to support a minor child.”
 

 Dunphy,
 
 297 A.D.2d at 26, 748 N.Y.S.2d at 598 (citations omitted) (distinguishing
 
 Ray v. Galloway’s Cafe,
 
 221 A.D.2d 612, 634 N.Y.S.2d 495 (N.Y.App.Div.1995), in which the court held that parents may be entitled to recover actual damages for medical expenses under New York’s Dram Shop Act, on the ground that the parents of the injured child in
 
 Ray
 
 had a legal obligation to pay for his medical care).
 

 To support her position that funeral expenses for an adult child should constitute an injury to the parent’s property under the Dram Shop Act, Johnson relies on apparent dicta in
 
 Clymer v. Webster,
 
 156 Vt. 614, 596 A.2d 905 (1991), which stated that “[a]side from out-of-pocket medical and funeral expenses; [the deceased adult child’s] parents have not themselves been injured ‘in person, property or means of support’ within the meaning of the [Dram Shop Act].” 156 Vt. at 620, 596 A.2d at 909. However, in
 
 Clymer,
 
 it appears that the
 
 *138
 
 trial court’s ruling “that limited the damages recoverable by plaintiffs ‘to medical and funeral expenses and lost services and guidance,’ ” simply was not challenged on appeal.
 
 Clymer,
 
 156 Vt. at 618, 596 A.2d at 908. See
 
 Thompson v. Dewey’s South Royalton, Inc.,
 
 169 Vt. 274, 279, 733 A.2d 65, 69 (1999) (stating that “[a] more accurate reading of
 
 Clymer
 
 reveals that we simply did not address whether the parents had a direct cause of action under the [Dram Shop Act]. Given the focus of our opinion, then, the more reasonable inference to be drawn from
 
 Clymer
 
 is that the parents were not injured ⅛ person, property or means of support’ as a result of their [adult child’s] death.”). In any event, to the extent that
 
 Clymer
 
 may have held that a parent’s payment of an adult child’s funeral expenses is an injury to that parent’s property under Vermont’s Dram Shop Act, we decline to follow that holding.
 

 This Court now adopts the rule that a parent’s voluntary payment of an adult child’s funeral expenses does not constitute an injury to the parent’s property in the context of the Dram Shop Act. In the present case, Johnson was not legally obligated to pay Oden’s funeral expenses until she voluntarily assumed that financial responsibility after his death. Johnson’s assets were not involuntary impaired by Oden’s intoxication. Therefore, she did not suffer an injury to her property under the Dram Shop Act. Accordingly, the trial court properly entered a summary judgment in favor of Brunswick as to this claim.
 

 Next, as a question of first impression for this Court, Johnson argues that the mental anguish she suffered as a result of the loss of her son constituted an injury to her person in the context of the Dram Shop Act. We disagree.
 

 Alabama’s Dram Shop Act created a new cause of action that did not exist at common law relating to the consequences of dispensing intoxicating liquor.
 
 Jones v. BP Oil Co.,
 
 632 So.2d 435, 438 (Ala.1993). As noted earlier, this Court has held that Alabama’s Dram Shop Act is penal in nature.
 
 McIsaac,
 
 587 So.2d at 324. We have also held that “[i]t is axiomatic that penal statutes are to be strictly construed in favor of the persons sought to be subjected to their operation.”
 
 State ex rel. Graddick v. Jebsen S. (U.K.) Ltd.,
 
 377 So.2d 940, 942 (Ala.1979). Furthermore, “statutory remedies for rights unknown to the common law are to be strictly construed.”
 
 Westenhaver v. Dunnavant,
 
 225 Ala. 400, 401, 143 So. 823, 823 (1932).
 

 In the vast majority of other jurisdictions, where the legislature has limited recovery under a state’s dram-shop act, by its terms, to injury “in person, property, or means of support,” as is the case in Alabama, the rule is that no recovery for mental anguish is allowed.
 
 [1]
 
 For example, citing authority from other jurisdictions, the Utah Supreme Court recognized that mental anguish suffered by the parents of a child who was killed by a drunk driver was not an “injury in person” compensable under Utah’s Dram Shop Act:
 

 “The rule that ‘injuries in person’ means ‘physical bodily injuries’ and not mental or emotional injuries is widely recognized. See
 
 Knierim v. Izzo,
 
 22 Ill.2d 73, 174 N.E.2d 157, 161 (1961) (holding that mental suffering resulting in no physical injury is not an injury in person and therefore not recoverable under Dram-
 
 *139
 
 shop Act in action brought by wife following death of husband);
 
 Robertson v. White,
 
 11 Ill.App.2d 177, 136 N.E.2d 550, 554 (1956) (holding that emotional pain and suffering are not compensable injuries under Dramshop Act); State
 
 Farm Mut. Auto. Ins. Co. v. Isle,
 
 265 Minn. 360, 122 N.W.2d 36, 41 (1963) (stating wife not entitled to damages for injury to person under Dramshop Act based on her mental suffering where she did not sustain accompanying physical injury);
 
 Lyons v. Tiedemann,
 
 135 A.D.2d 509, 522 N.Y.S.2d 159, 160-61 (1987) (stating plaintiffs could not recover for conscious pain and suffering and wrongful death under Dramshop Act). See generally George A. Locke, Annotation,
 
 Recovery Under Civil Damage (Dram-Shop) Act for Intangibles such as Mental Anguish, Embarrassment, Loss of Affection or Companionship, or the Like,
 
 78 A.L.R.3d 1199 (1977); Annotation,
 
 What Constitutes ‘Injury in Person or Property’ Within Civil Damage or Dramshop Act,
 
 6 A.L.R.2d 798 (1949).”
 

 Adkins v. Uncle Bart’s, Inc.,
 
 1 P.3d 528, 534 (Utah 2000).
 

 In the present case, this Court must strictly construe the language of Alabama’s Dram Shop Act and not enlarge its legislatively created remedies beyond those the legislature has allowed. Accordingly, we adopt the widely accepted general rule that mental anguish does not constitute an “injury in person” in the context of the Dram Shop Act. To hold otherwise would usurp the function of the legislature and ignore the well established principle of strictly construing statutes that are penal in character in favor of the persons sought to be subjected to their operation. Furthermore, we do not need to decide at this time whether an exception to this general rule exists when the party seeking damages for mental anguish also suffers a physical bodily injury because Johnson has not alleged any such injury in the present case. Therefore, the mental anguish Johnson alleges resulted from the loss of her son does not constitute an injury to her person in the context of the Dram Shop Act; thus, the trial court properly entered a summary judgment in favor of Brunswick on this claim.
 

 Finally, Johnson alleges that the trial court erred in entering a summary judgment in favor of Brunswick on her claim alleging the negligent hiring, training, and/or supervision of employees. Brunswick responds that the summary judgment was appropriate because, it says, Johnson’s claim is in reality a claim alleging the negligent dispensing of alcohol, a claim Alabama does not recognize. Johnson replies that her claim is not a claim based on the negligent dispensing of alcohol. Instead, Johnson alleges that “[t]he negligent conduct which [she] alleges is [Brunswick’s] conduct in hiring/training and/or supervising its employees in carrying out duties which are required by statute and imposed by the many written policies which [Brunswick’s] employees ignored in the present case.” Johnson’s brief, at 24.
 

 It is well established that “Alabama does not recognize a common law cause of action for negligence in the dram shop context.”
 
 Jackson v. Azalea City Racing Club, Inc.,
 
 553 So.2d 112, 113 (Ala.1989). “[T]his jurisdiction, like the majority of jurisdictions in our nation, does not recognize a common law cause of action for negligence in the dispensing of alcohol.”
 
 Ward v. Rhodes, Hammonds & Beck, Inc.,
 
 511 So.2d 159, 164-65 (Ala.1987). The Dram Shop Act provides the exclusive remedy for the unlawful dispensing of alcohol to an adult.
 
 Williams v. Reasoner,
 
 668 So.2d 541, 542 (Ala.1995). This long
 
 *140
 
 standing refusal to recognize an action based on negligence in the distribution of alcohol appears to be based, at least in part, on the principle that “it is the consumption of alcohol — not the purchase of it — that is the proximate cause of injuries resulting from the purchaser’s intoxication.”
 
 Jones,
 
 632 So.2d at 438. Of course, as with other negligence-based claims, a plaintiff pursuing a claim of negligent hiring, training, and/or supervision of employees must establish that the employees’ incompetency was the proximate cause of the alleged injury. See
 
 Hathcock v. Mitchell,
 
 277 Ala. 586, 595, 173 So.2d 576, 584 (1965) (holding that “the master is not liable for having employed incompetent servants unless their incompetency was the proximate cause of the injury”).
 

 In the present case, Johnson recognizes that she cannot pursue a claim of negligent dispensing of alcohol outside the Dram Shop Act. Instead, she alleges that her claim is “clearly” not a claim alleging the negligent dispensing of alcohol. Johnson’s brief, at 23. However, the merit of such an allegation is untenable. Concerning this claim, Johnson’s complaint alleges that Brunswick negligently hired, trained, and/or supervised its employees “regarding serving visibly intoxicated patrons with alcoholic beverages.” Such an allegation seeks a remedy directly related to the alleged unlawful dispensing of alcohol, and it attempts to do so outside the Dram Shop Act, which this Court’s prior decisions do not allow. Furthermore, Johnson has failed to present substantial evidence indicating that the proximate cause of her alleged injury was an act committed by Brunswick that is outside the scope of the Dram Shop Act, rather than her son’s acts of consuming alcohol and subsequently driving a motor vehicle. Therefore, the trial court properly entered a summary judgment in favor of Brunswick on Johnson’s claim alleging the negligent hiring, training, and/or supervision of employees.
 

 Conclusion
 

 Based on the foregoing, this Court affirms the summary judgment in favor of Brunswick.
 

 AFFIRMED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . On the other hand, in jurisdictions where the dramshop act is worded so as to allow recovery for an injury "in person, property, means of support,
 
 or otherwise,"
 
 damages for mental anguish may be recovered. See, e.g.,
 
 Winje v. Cavalry Veterans of Syracuse, Inc.,
 
 130 Misc.2d 580, 497 N.Y.S.2d 291 (N.Y.Sup.Ct.1985).